### BOUGH et al. v. LEE et al.

District Court, S. D. New York.
March 28, 1939.

Powers, Kaplan & Berger, of New York City (George I. Gross and Milton Adler, both of New York City, of counsel), for plaintiffs.

Clarence E. Mellen, of New York City (Clarence E. Mellen, and Glenn C. Beechler, both of New York City, of counsel), for defendant James B. Lee.

LEIBELL, District Judge.

This is a motion by the defendant to vacate and set aside a notice of taking the deposition of Manufacturers' Casualty Insurance Co. by an officer and an employee of the company or limiting the scope of the examination of such witnesses.

The action is one to recover damages for personal injuries alleged to have been sustained by the plaintiff, Margaret Bough, in an automobile accident in Washington, D. C., on March 17, 1937. After the accident investigators from the aforementioned insurance company obtained statements from Margaret Bough and James Lee and obtained some photographs of the automobile in which the accident occurred. After the commencement of this action, and during examination of James Lee before trial, plaintiff sought an order under Rule 34, 28 U.S.C.A. following section 723c directing James Lee to produce the statement signed by him and the photographs of the automobile at the continuance of his oral deposition before trial.

The Court (Judge Hulbert) in an opinion dated February 2, 1939, D.C., 26 F.Supp. 1000, held that a party may not be compelled to produce papers, etc., not in his own possession and, hence, denied the application. In its memorandum the Court suggested the present mode of procedure, i. e., service of a notice to take the deposition of the insurance company under Rule 26, supplemented by a subpoena duces tecum under Rule 45 to be used on the taking of the deposition, but subject, of course, to the company raising any issue as to privilege, by appropriate motion. Plaintiff then served her notice for the examination of the insurance company. Thereupon defendant brought this motion under Rule 30(b) (d) to prevent an inquiry into, or the production of:

"1. The original or copy of the statement given by plaintiff Margaret T. Bough to a representative of Manufacturers' Casualty Insurance Co. at 375 Park Avenue, New York, New York on or about the 10th day of June, 1937.

"2. The original or copy of the statement given by the defendant James B. Lee to a representative of Manufacturers' Casualty Insurance Co. at Georgetown University, Washington, District of Columbia, in or about the month of May, 1937.

"3. The photographs which were exhibited to plaintiff Margaret T. Bough by a representative of Manufacturers' Casualty Insurance Co., at Garfield Hospital, Washington, District of Columbia, in or about the month of May, 1937."

Or in the alternative that the said examination be postponed until the completion of the oral deposition of Margaret Bough.

The question presented concerns the extent of deposition and discovery procedure and the scope of the examination permitted thereunder. Rule 26(a) provides that "* * * the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in action or for both purposes." Plaintiff's motion is for the purpose of a discovery principally.

Rule 26(b) provides that: "* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, * * *."

Rule 30(b) and (d) provide that the Court may limit or set aside the taking of such depositions when it is shown that the examination is being conducted in bad faith, or in order to protect the party or witness from annoyance, embarrassment or oppression.

As can be seen the scope of such an examination is very broad. In Stankewicz v. Pillsbury Flour Mills Company, D.C., 26 F.Supp. 1003, dated January 24, 1939, the Court said: "Under the new Federal Rules of Civil Procedure, examination may be had as to any non-privileged matter relevant to the issues. Bennett v. The Westover, Inc., ([D.C.], S.D.N.Y.) L 69—232 [27 F.Supp. 10]. The court upon proper showing may limit the scope of the examination under

Rule 30(b) (d), [28 U.S.C.A. following section 723c]. Saviolis v. National Bank of Greece, D.C., 25 F.Supp. 966. The power of the court to do so is discretionary. National Bondholders Corp., et al. v. The Hon. George W. McClintic, 4 Cir., 99 F.2d 595."

In the instant case the matter sought upon the examination may be relevant and material upon the trial, either on the cross examination or redirect examination of the parties themselves. There was no confidential relationship between either of the parties and the insurance company so as to render any of the matter privileged. Nor has there been any showing of bad faith, oppression or unreasonableness.

I am of the opinion that the motion to set aside or limit the examination should be denied. However, I think the alternative relief sought on this motion should be granted. Examinations of parties or witnesses under Rule 26 should ordinarily be taken in the order in which they were demanded. Grauer v. Schenley Products Co. Inc., D.C., 26 F.Supp. 768, decided November 10, 1938. The notice to examine Margaret Bough was served over two months prior to the notice of examination under consideration on this motion. Further, on the situation disclosed by the papers on this motion, I think that plaintiff should be required to complete her testimony on her deposition, before the statements made by her and by the defendant, James B. Lee, to the investigator are open to her inspection through the examination of the insurance company.

Submit order in accordance with this memorandum, on two days' notice.