### KULICH v. MURRAY et al.

District Court, S. D. New York.
June 13, 1939.

Downey, Lipper, Shinn & Keeley, of New York City, for plaintiff.

Andrews, Baird & Shumate, of New York City (James M. Baird, of New York City, of counsel), for defendant MacFadden Publications, Inc.

CONGER, District Judge.

This is an application on the part of the defendant MacFadden Publications,

Inc., and the Zurich General Accident and Liability Insurance Company, Limited, appearing specially herein, for the purpose of vacating the taking of the deposition of the Zurich General Accident and Liability Insurance Company, Limited, and to quash the subpoena served in connection therewith.

The action is brought to recover damages for personal injuries and property damage alleged to have been sustained by the plaintiff due to the alleged negligence of the defendants by reason of a collision occurring on or about the 28th of May, 1938; the defendant John Murray, being the owner and operator of an automobile, one of the cars in the collision, and the plaintiff claims that the automobile at that time was being operated by the defendant John Murray in connection with the business of the defendant MacFadden Publications, Inc. The notice of examination asks for the examination of the Zurich General Accident and Liability Insurance Company, Ltd., by the Manager of its Claim Department or any other representative having knowledge of the facts, as a witness on behalf of the plaintiff, upon matters alleged to be material and necessary to the proof of plaintiff's cause of action. It is not important at this time to refer to the matters upon which the examination is sought, except that they refer generally to investigations made by the Insurance Company with reference to the accident and statements taken during said investigation.

The motion is denied on the authority of Bough v. Lee, D.C., S.D.N.Y., 28 F. Supp. 673, decided by Leibell, D. J., March 28, 1939.

Aside from the question of negligence, one of the main questions in this case is whether or not the automobile of the defendant John Murray, at the time of the accident, was being used in the business of the defendant MacFadden Publications, Inc.; and the plaintiff seeks to obtain that information here. Certainly that is relevant and necessary to the trial of the action.

One of the objections on the part of the defendant is that the plaintiff has availed himself of every pre-trial proceeding under the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. I regard this not as an objection to this examination, but rather an indication of alertness on the part of the attorney for the plaintiff.

The attorney for the defendant has raised the question of privilege. This is set forth in the affidavit of one of the attorneys for the defendant MacFadden Publications, Inc. The same attorney appears specially herein for the Zurich General Accident and Liability Insurance Company, Ltd. I do not regard this examination as an invasion of the private papers of an attorney for the defendant. The person sought to be examined here is the Insurance Company or a representative thereof, concerning generally an investigation made by the Insurance Company, not by an attorney for the defendant herein. The affidavit in which the question of privilege is raised is general in its terms and nature. It states no facts upon which the question of privilege raised herein can be sustained.

It is apparent from the papers that the examination is asked for in good faith and is not intended to annoy or harass, but aimed for the purpose of obtaining information and discovery as to one of the most important issues in the case; to wit, the connection between the defendant John Murray and the defendant MacFadden Publications, Inc., and bearing upon the question as to whether the automobile of the defendant John Murray, at the time of the collision, was being used in and about the business of the defendant MacFadden Publications, Inc.