## PRICE v. LEVITT et al.
### No. 7700.

District Court, E. D. New York.
Aug. 18, 1939.

John P. Smith, of New York City, for the motion.

Harry Hartman, of New York City, opposed.

CAMPBELL, District Judge.

This is a motion made on behalf of the defendants.

1. For an order pursuant to Rule 30 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, with respect to plaintiff's notice for taking depositions by oral examination, dated July 11, 1939.

a. That the said depositions shall not be taken.

b. That the matters stated in said notice shall not be inquired into.

c. That the said notice be vacated in all respects.

d. That the court make such other order which justice requires to protect the defendants from annoyance, embarrassment or oppression.

In this action the plaintiff sues to recover damages for personal injuries alleged to have been sustained through the negligence of the defendants.

The defendants were insured against liability for personal injuries by the Liberty Mutual Insurance Company.

After the accident, and before the plaintiff had retained an attorney, negotiations were had with the insurance company toward a settlement of her claim against it.

Before the plaintiff retained an attorney, the insurance company investigated the circumstances, surrounding the accident, and obtained written statements from the plaintiff, her daughter and son-in-law, who were with her at the time of the occurrence, and also reports from her physicians, both in Tennessee and New York. Copies of the reports were not given to the plaintiff. Thereafter this action was instituted and is now at issue. Plaintiff has answered the interrogatories propounded by the defendants. Plaintiff has also given security as for costs as a non-resident.

The Attorney for the defendants herein is the Attorney for the Liberty Mutual Insurance Company, one of the parties sought to be examined herein.

Pursuant to Rule 26 of the Rules of Civil Procedure for the District Courts of the United States, the plaintiff served notice upon the defendant's Attorney that at a certain time and place therein mentioned, the plaintiff would take testimony upon oral examination of the Liberty Mutual Insurance Company, by an officer or employee having knowledge of the matters therein stated, and of Mr. Saddlemier, an employee of the Liberty Mutual Insurance Company, and that they would be examined regarding any matter, not privileged, relating to the subject matter involved in the above entitled action, including the existence, discription, nature, custody, and location of any documents, or statements, relating to the above entitled action, obtained from the plaintiff, or her witnesses, and otherwise relating to the said action, and the identity and location of the persons having knowledge of the relevant facts herein.

So much of Rule 26, as is necessary for consideration herein provides as follows:

(a) "The testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action, or for both purposes."

(b) "Unless otherwise ordered by the court as provided for by Rule 30 (b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identity and location of persons having knowledge of relevant facts."

The principal objection of the defendants, which has been fully argued and briefed, is, that the matters sought to be obtained, are privileged.

I see no reason for going into a lengthy discussion of this question and the citation of numerous authorities, because it seems to me that the very question has been heard and determined in two cases in the Southern District, namely; Bough v. Lee et al., D.C., 28 F.Supp. 673, opinion of Leibell, J., March 28, 1939 and, Kulich v. Murray, D.C., 28 F.Supp. 675, opinion of Conger, J., June 13, 1939.

The first question presented is, whether the communications were privileged, and I can not find that they were.

. The investigations were not made by an Attorney, or anyone acting in his behalf, nor did the defendants have an Attorney at that time. The relationship of Attorney and client did not exist between the defendants and the insurance company, and I can not find that the turning over to the Attorney, who now appears for the defendants herein, of the facts of the investigation, and statements, can make that privileged now, which was not privileged then.

The corporation and persons sought to be examined of course did not see the accident, nor were they in possession of facts of which they had knowledge relating thereto, and the file, showing as it must, much hearsay, should not be opened to the plaintiff, but the written statements made by the plaintiff, her daughter, and son-in-law, and the reports of the doctors, obtained in the course of the examination, are relevant, and may properly be used in the cross-examination at least, of such witnesses, if called, and plaintiff is entitled to a copy of them.

. The giving of copies of such statements, and the reports of the doctors will not be oppressive, embarrass or annoy, the defendants.

How much Mr. Saddlemier may be able to testify to, is doubtful, but in any event that does not prevent plaintiff from seeking to obtain such statements and reports from him.

These rules were intended to liberalize the practice, and should not be unduly restricted.

Of course, a party is entitled to make an examination to determine its rights or liabilities, and should not be required, by depositions, to testify as to hearsay rather than facts, but the statements made in writing by the plaintiff and her witnesses, and the reports of the doctors, were not privileged, and the plaintiff should have copies thereof.

The motion made by the defendants will be denied, unless, the defendants shall furnish to the plaintiff, copies of the written statements made by her and her daughter and son-in-law, and any written communications received by the insurance company, from either plaintiff's daughter or son-in-law and the reports of the doctors, together with an affidavit made by an officer of the insurance company, that the papers furnished are true copies of the papers so received by them

If such papers and affidavit are furnished to the plaintiff, it shall be held to be in compliance with the notice for the taking of depositions, which is objected to herein, and in all other respects the motion of the defendants will be granted.

. Settle order on notice.