## KENEALY v. TEXAS CO.

District Court, S. D. New York.
Oct. 5, 1939.

Jacob Rassner, of New York City, for plaintiff.

Tompkins, Boal & Tompkins, of New York City, for defendant.

COXE, District Judge.

This is a motion by the plaintiff for an examination before trial of an officer of the defendant, and for the production for inspection of various documents, records and photographs, believed to be in the defendant's possession. The motion is made under Rules 26 and 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action is brought under the Jones Act, 46 U.S.C.A. § 688, for damages for personal injuries alleged to have been sustained by the plaintiff while employed as a seaman on one of the defendant's vessels.

The notice of motion describes the particular information sought to be obtained by the examination, and specifies in somewhat general language the different documents, records and photographs which the plaintiff desires to have produced for inspection. The defendant does not challenge the right of the plaintiff to the examination but objects to being required to produce for inspection the following:

Item 1. All statements of fellow employees aboard the vessel as to the accident.

Item 3. All records in the logs including the medical log of the vessel.

Item 4. All photographs made by or on behalf of the defendant prior to the institution of the above entitled action.

Prior to the making of the present motion, the attorney for the plaintiff was served with a notice for the examination of the plaintiff before trial under Rule 26. The plaintiff failed to appear at the time set for this examination, and is still in default. The defendant insists, therefore, that any examination of the defendant should be deferred until the plaintiff has submitted himself for examination pursuant to the notice already given.

The contested portion of the motion is governed by Rule 34, which provides that "upon motion of any party showing good cause therefor * * * the court * * * may (1) order any party to produce and permit the inspection * * * of any designated documents, papers, books, * * * photographs, * * * not privileged, which constitute or contain evidence material to any matter involved in the action * * *". Under this rule, the moving party is required to make a showing of "good cause" in support of the motion. This means some adequate reason for the desired production and inspection. The court may then order the production and inspection of "designated documents, papers, books * * * photographs * *", provided they are "not privileged", and also provided they "constitute or contain evidence material to any matter involved in the action". The language of the rule is so clear it hardly admits of construction. "Designated" documents, etc., are those which can be identified with some reasonable degree of particularity. It was surely not intended by the use of the word "designated" to permit a roving inspection of a promiscuous mass of documents, etc., thought to be in the possession, custody or control of the opposing party. Piest v. Tide Water Oil Co., D.C., 26 F.Supp. 295. It is also plain that the only documents which the court may order produced for inspection are those which constitute or

504

contain material evidence in the case. This is in line with the settled law prior to the new rules. People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 156 N.E. 84, 52 A.L.R. 200; The Morro Castle[1], 1934. It has been recently held, also, in connection with Rule 34 that the materiality of the documents, etc., if challenged, must first be passed on by the court before the documents, etc., are submitted for inspection to the opposing party. United States v. Aluminum Co. of America, D.C., 26 F. Supp. 711.

■ The defendant challenges item 1 of the notice only on the ground of materiality. It is unnecessary, therefore, to consider whether the documents specified have been sufficiently identified to be classed as "designated". Item 1 requests the production of "all statements of fellow employees aboard the vessel as to the accident". This is understood to refer to statements made after the accident by other employees of the defendant regarding their knowledge of the facts relating to the accident. Statements of this kind plainly do not "constitute or contain evidence material to any matter involved in the action"; they are not evidence but are at most merely memoranda available for use at the trial when the respective persons making the statements are called to testify. The plaintiff says that he should be permitted to have the statements in order that he may properly cross-examine the various witnesses as they are produced. This is substantially the argument advanced and rejected by Chief Judge Cardozo in People ex rel. Lemon v. Supreme Court, supra, and I do not think that it is even open under the language of Rule 34.

I realize that there are expressions to the contrary in a number of recent District Court cases, Bough v. Lee, S.D.N.Y. March 28, 1939, 28 F.Supp. 673; Bough v. Lee, S.D.N.Y. June 24, 1939, 29 F.Supp. 498; Kulich v. Murray, S.D.N.Y. June 13, 1939, 28 F.Supp. 675; Price v. Levitt, E.D.N.Y. Aug. 18, 1939, 29 F.Supp. 164; and although I have great respect for the opinions of the judges who decided those cases, I still think that statements such as the ones now in question are without the letter as well as the spirit of Rule 34. It follows that the objection of the defendant to item 1 is sustained.

■■ The two remaining items objected to by the defendant require little discussion.

The plaintiff is unquestionably entitled to the log records insofar as they relate to any issue in the case. As so limited, the objection to item 3 is overruled. Item 4 asks for the production of "all photographs made prior to the institution of the suit". This is entirely too broad, and should be limited to photographs of the particular place where the accident is alleged to have taken place.

■■ It has been held in this district that examinations under rule 26 should ordinarily take place in the order in which they are demanded. Bough v. Lee, D.C. S.D.N.Y. March 28, 1939, 28 F.Supp. 673; Grauer v. Schenley Products Co., Inc., D.C.S.D.N.Y. Nov. 10, 1938, 26 F.Supp. 768. This is not, however, an inflexible rule, and may be varied in particular cases. In the present case, I do not think it will serve any useful purpose to defer the examination of the defendant, or the production of the required documents. The defendant is still left with its remedy against the plaintiff under Rule 37(d) if there has been a wilful failure to appear after service of a proper notice.

The motion of the plaintiff is granted, except with respect to items 1, 3 and 4; it is denied as to item 1; and is granted as to items 3 and 4 in limited form, as above indicated.

---

[1] No opinion for publication.