relevance of testimony taken by deposition should be left for determination to the trial judge; but where, as here, the notice for the deposition discloses the exact nature of the information sought, and it appears that this information is irrelevant, I think the case is one which should be dealt with under Rule 30(b).

It is not suggested by the plaintiff that Blackburn has any personal knowledge of the facts in the case, or that an examination is sought as to the existence, etc., of any books, etc., or the identity and location of possible witnesses.

The motion of the defendant for an order that the deposition of Floyd Blackburn be not taken is granted.

COXE, District Judge.

The only difference between this motion and the one under consideration in Kenealy v. Texas Company, D.C., 29 F.Supp. 502, is that the defendant here objects to an additional item which was not contested in the Kenealy case. This item asks for the production for inspection of Item 2. "All statements of the captain or any other officer aboard the vessel as to the accident".

These statements are open to the same objection as the statements of fellow employees considered in the Kenealy case. I, therefore, sustain the objection of the defendant to the production of the statements called for by item 2. The balance of the motion is determined in line with the opinion in the Kenealy case.

## FLUXGOLD v. UNITED STATES LINES CO.

District Court, S. D. New York.
Oct. 5, 1939.

Jacob Rassner, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for defendant.

## BENNETT v. WATERMAN S. S. CORPORATION et al.

District Court, S. D. New York.
Oct. 5, 1939.

Jacob Rassner, of New York City, for plaintiff.

Barry, Wainwright, Thacher & Symmers, of New York City, for defendants.

COXE, District Judge.

This motion is similar to the ones considered in Kenealy v. Texas Company, D.