**ROSE SILK MILLS, Inc., v. INSURANCE CO. OF NORTH AMERICA.**

District Court, S. D. New York.
Oct. 6, 1939.

---

[1] No opinion for publication.

Benjamin Siegel, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (George S. Brengle and Henry J. Bogatko, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant under Rule 30(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order that the deposition of Floyd Blackburn, a witness proposed for examination by the plaintiff under Rule 26, be not taken, or, in the alternative, that the scope of the examination be limited.

The suit is to recover on insurance policies insuring the plaintiff against loss resulting from the conversion of rayon yarn while in the custody of processors. It is asserted on behalf of the plaintiff that Blackburn was in charge of an investigation of the plaintiff's claim for the defendant.

The notice for the deposition specifies in considerable detail the various matters to be covered by the examination, including conversations with persons interrogated by Blackburn; reports made to the defendant during the investigation by investigators, auditors and others; and correspondence passing between Blackburn and others.

Rule 26(a) provides for taking depositions "for the purpose of discovery or for use as evidence in the action or for both purposes". Rule 26(b) defines the scope of the examination by providing that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved * * * including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts". The examination is thus confined to "relevant" matters, including the existence, etc., of books, documents, and other tangible things, and the identity and location of persons having knowledge of relevant facts.

The information sought from Blackburn, as described in the notice for the deposition, consists generally of the facts developed by him during his investigation of the case. What may have been told to him by different people during the course of his investigation is clearly not "relevant to the subject matter involved"; it is pure hearsay, and cannot be justified either "for the purpose of discovery or for use as evidence". The same is true also of the reports of the investigators and auditors, and of the correspondence between Blackburn and others; these are entirely irrelevant to any issues in the case, and are in much the same category as the documents which were held not subject to inspection under Rule 34 in Kenealy v. Texas Company, D.C., 29 F.Supp. 502, decided Oct. 5, 1939.

I appreciate entirely that considerable liberality should be allowed in examinations under Rule 26, and that in most cases the

relevance of testimony taken by deposition should be left for determination to the trial judge; but where, as here, the notice for the deposition discloses the exact nature of the information sought, and it appears that this information is irrelevant, I think the case is one which should be dealt with under Rule 30(b).

It is not suggested by the plaintiff that Blackburn has any personal knowledge of the facts in the case, or that an examination is sought as to the existence, etc., of any books, etc., or the identity and location of possible witnesses.

The motion of the defendant for an order that the deposition of Floyd Blackburn be not taken is granted.