William A. Blank, of Brooklyn, N. Y., for plaintiffs.

Dorsey & Flynn, of New York City, for defendant.

## GITTO et al. v. "ITALIA", SOCIETÀ ANONIMA DI NAVIGAZIONE, GENOVA.

### No. 94.

District Court, E. D. New York.

Feb. 15, 1940.

MOSCOWITZ, District Judge.

This is a motion "for an order issuing an open commission to the American Consuls General at Naples and Genoa and also to the American Consuls at Rome and Palermo or such other persons permitted by the law of the United Kingdom of Italy to take testimony herein for the taking of the depositions, etc."

On the argument the Court suggested that the attorneys confer. This has been done and they have succeeded in eliminating many objections and have revised and changed the interrogatories.

If rulings were made now disallowing certain of the interrogatories an injustice might be done as these interrogatories are for the examination of witnesses in Italy. Certainly, answering the interrogatories can do no one any harm. If it should develop on the trial that the interrogatories are improper the Judge hearing the case will have all the facts before him and would be better able to rule upon the objections. Those interrogatories directed to investigations made by the defendant will not be allowed. The testimony of the investigators would be hearsay and therefore inadmissible. There is nothing in the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, permitting such an examination. See McCarthy v. Palmer, D.C., 29 F.Supp. 585; Kenealy v. Texas Co., D.C., 29 F.Supp. 502; Bennett v. Waterman S. S. Corporation, D.C., 29 F.Supp. 506; Fluxgold v. United States

568

Lines Co., D.C., 29 F.Supp. 506. The interrogatories may go forward as limited.

Settle order on notice.