### STATE OF MARYLAND, for Use of MONT-VILA, v. PAN–AMERICAN BUS LINES, Inc.
No. 466.

District Court, D. Maryland.
April 4, 1940.

214

G. C. A. Anderson (Keech, Carman, Tucker & Anderson) and William F. Laukaitis, all of Baltimore, Md., for plaintiff.

F. Gray Goudy and H. Beale Rollins, both of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The above case is a suit under the Maryland Lord Campbell's Act to recover damages for the alleged negligent death of a pedestrian caused by the defendant, the Pan-American Bus Lines, Inc., Code Pub.Gen.Laws Md. 1924, art. 67, § 1 et seq.

After the filing of an answer the plaintiff served notice for the taking of the deposition of F. Waters Trapnell, who is an insurance adjuster for the defendant's insurer. An order of court was also obtained directing the witness to "bring with him the names and addresses of such persons, drivers, passengers, porters and witnesses as may be to him known, who were aboard, in and near by the passenger bus of the defendant corporation when it struck and injured Vincas Montvila on Bel Air Road, Baltimore, on or about May 13, 1939, and also bring with him any and all statements of such persons, drivers, passengers, porters and witnesses or accurate notes thereof, as may have been taken by him, or persons under his direction or control, or Markel Service, Inc., touching the issues in the above entitled cause."

The order of court provided that it was to be effective unless cause to the contrary be shown by April 2, 1940. On the latter date the defendant filed a motion to vacate the order and quash the subpoena duces tecum. The grounds therefore were (1) that the witness had no personal knowledge of the facts but merely investigated the circumstances of the accident after it had occurred; (2) that the Baltimore Police Department also investigated the accident and had on file a report thereof which gives the names and addresses of the persons who were present at or near the accident; and (3) that the plaintiff is not entitled to the statements of possible witnesses obtained by Trapnell.

The right to take the deposition is based by the plaintiff on rule 26(a) of the new rules of federal civil procedure, 28 U.S. C.A. following section 723c. Under it—

"Testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes."

Rule 26(b) provides that—

"Unless otherwise ordered by the court as provided by Rule 30 (b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location 'of any books, documents, or other tangible things *and the identity and location of persons having knowledge of relevant facts.*" (Italics supplied)

██ Counsel have treated the motion in this case to vacate the order for the subpoena duces tecum largely as a motion under rule 30(b) that the court limit the scope of the examination of the deposition of the named witness. Such an order is discretionary; but it was clearly the purpose of the new rules to greatly liberalize the scope of permissible examination by depositions for the purpose of effecting just, speedy and inexpensive termination of every action. National Bondholders Corp. v. Judge McClintic, 4 Cir., 99 F.2d 595; Stankewicz v. Pillsbury Flour Mills Co., D.C.N.Y., 26 F.Supp. 1003. Despite

the liberal allowable scope of the examination by deposition, the procedure is wisely made flexible in the discretion of the trial judge

In the present instance it appears that the real contest as to the scope of the examination is limited to the point as to whether the witness, Trapnell, can be required to produce and furnish for inspection or copying by the plaintiff the results of the investigation made by him as to the circumstances of the accident. Counsel for the plaintiff refers to Bough et al. v. Lee, D.C.N.Y., 28 F.Supp. 673, Id., D.C, 29 F.Supp. 498; and Price v. Levitt, D.C. N.Y., 29 F.Supp. 164, 166, as supporting this position. It will be noted, however, that in the former case the statements obtained by the defendant insurer's adjuster included only statements made by the plaintiff and defendant respectively, and did not include the statements of persons not parties to the case; and in Price v. Levitt, supra, in a similar situation, District Judge Campbell said:

"Of course, a party is entitled to make an examination to determine its rights or liabilities, and should not be required, by depositions, to testify as to hearsay rather than facts, but the statements made in writing by the plaintiff and her witnesses, and the reports of the doctors, were not privileged, and the plaintiff should have copies thereof."

█ After consideration, it is my opinion that the scope of the examination of the witness Trapnell should be limited to the "identity and location of persons having knowledge of relevant facts"; and that he should not be required to produce or make available to the plaintiff the statements, oral or written, of the persons whom he has interviewed and who may be called as witnesses at the trial. It is obvious that their mere statements to him are purely hearsay and would not be admissible in evidence. Kenealy v. Texas Co., D.C., 29 F.Supp. 502, 504; Rose Silk Mills v. Insurance Co. of North America, D.C., 29 F.Supp. 504; Fluxgold v. United States Lines, D.C., 29 F.Supp. 506; and Bennett v. Waterman, D.C., 29 F.Supp. 506, all four decisions by Judge Coxe in the Southern District of New York. See also Seals v. Capitol Transit Co., D.C. D.C. 1 F.R.D. 133. Furthermore, it does not seem reasonable to require the defendant's insurer which has made an investigation at its own expense, to furnish its adversaries with the result of that examination free of cost to them. McCarthy v. Palmer, D.C.N.Y., 29 F. Supp. 585, 586. Trapnell can be examined on any relevant facts which have come to his knowledge; and the names and addresses of persons who were at the scene of the accident may fairly be regarded as within his knowledge, and seem to be expressly referred to in the scope of permissible examination under rule 26(b). See also discussion of this rule by Dean (now Circuit Judge) Clark at the Cleveland Institute on the Rules, page 283. The very recent case of Lewis v. United Air Lines Transport Corp., D.C.W.D.Pa., 31 F.Supp. 617, March 12, 1940, holds that one party to a suit should not be permitted to take the deposition of an expert witness employed by his adversary to learn his opinion and report.

It is therefore ordered that the witness Trapnell whose deposition is to be taken shall not be required to produce copies of statements made by persons who were at the scene of the accident who are not parties to the case; but otherwise his deposition may be taken with respect to any relevant matter within his knowledge, including a disclosure of the names, identity and addresses of persons who were at the scene of the accident.