**FRENCH v. ZALSTEM–ZALESSKY et al.**

District Court, S. D. New York.

Aug. 14, 1940.

Simpson, Brady & Noonan, of New York City, for plaintiff.

Christensen & Eberlein, of New York City, for defendants.

HULBERT, District Judge.

The defendant moves pursuant to Rule 30(d), 28 U.S.C.A. following section 723c, for an order terminating or limiting the examination of the Standard Accident Insurance Company, the defendant's insurance carrier.

The action is to recover damages for personal injuries resulting from alleged negligence on the part of the defendants in the operation of a motor vehicle.

While the Federal Rules of Civil Procedure are to be liberally construed, it frequently happens that the court is called upon to determine how far a party may go

in the examination of a witness as to "any matter, not privileged, which is relevant to the subject matter involved," rule 26, and limitations have been made, as the rule provides for. Sonken-Galamba Corp. v. Atchinson, D. C., 30 F.Supp. 936; Welty v. Clute, D. C., 29 F.Supp. 2; Thomas French & Sons, Ltd., v. Carleton Venetian Blind Co., D. C., 30 F.Supp. 903; McCarthy v. Palmer, D. C., 29 F.Supp. 585; Floridin Company v. Attapulgus Clay Company, D. C., 26 F.Supp. 968; Rose Silk Mills v. Insurance Company of North America, D. C., 29 F.Supp. 504; Bennett v. Waterman S. S. Corp., D. C., 29 F.Supp. 506; Kenealy v. Texas Company, D. C., 29 F.Supp. 502; Fluxgold v. United States Lines Co., D. C., 29 F.Supp. 506; Seals v. Capital Transit Company, D. C., 1 F.R.D. 133; Price v. Levitt, D. C., 29 F.Supp. 164; Shelton v. United States., D. C., 27 F.Supp. 801; Benevento v. A. & P. Food Stores, Inc., D. C., 26 F.Supp. 424.

I have carefully read the deposition of the witness Stender, claims manager, whose examination appears to have been quite exhaustive. There are several instances in which he was unable to give the required information from memory, but stated he would look up the records and furnish it if he found it available. This he should do, but he will not be required to furnish statements taken from Mr. Buckley or Mr. Taylor, who are "blotter witnesses" and equally available to both sides.

It is not the function of the defendant to make available to the plaintiff the result of its investigations in preparing for trial, nor in this case will the witness be required to produce the inter-office correspondence file. I confine my ruling, however, upon this point to this particular case lest it might become the practice to conceal information, which might otherwise be obtainable, in the inter-office correspondence file, on the supposition that it would thus not be subject to production.

As a matter of fact, so far as the record before me indicates, the examination of this particular witness was had pursuant to notice served under Rule 26 and the provisions of Rule 34 were not availed of by the plaintiff.

Motion granted to the extent indicated.

Settle order on notice unless agreed upon as to form.