**STERN et al. v. EXPOSITION GREY-HOUND, Inc.**

Civ. No. 987.

District Court, E. D. New York.

April 22, 1941.

Irving Ribman, of New York City, for plaintiffs.

Harold J. Drescher, of New York City, for defendant.

MOSCOWITZ, District Judge.

In this action for personal injuries, defendant seeks to vacate plaintiffs' notice of examination. By the notice of examination, plaintiffs ask to take the deposition before trial of the defendant "by its chauffeur of its bus referred to in the complaint herein, and by such other of said defendant's officers, agents, servants, employees and representatives having knowledge thereof, as an adverse party * * * ." Objection is taken that the chauffeur no longer being in defendant's employ, the description of the other persons sought to be examined is in too general terms to be effective.

This contention of defendant is hardly well taken, for the persons sought to be examined are sufficiently well identified as being those who have knowledge of the situation. To hold to the contrary would be to penalize plaintiffs for not having the information which the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, seek to afford to them.

Plaintiffs' request to examine with respect to documents or statements obtained by the defendant from any witness will not be allowed. McCarthy v. Palmer, D.C., 29 F.Supp. 585; Creden v. Central R. Co. of New Jersey, D.C., 1 F.R.D. 168. This limitation, however, does not prevent the plaintiffs from requesting the names and addresses of witnesses whom they may in turn desire to examine.

Motion denied. Settle order on notice.