### In re CITIZENS CASUALTY CO. OF NEW YORK.

### SARMENTO v. EDWARDS TAXI CO., et al.

District Court, S. D. New York.

Oct. 15, 1942.

Elmer M. Olson, of New York City, for plaintiff.

Plaut & Davis, of New York City, for defendants and for Citizens Casualty Co. of New York.

CONGER, District Judge.

Plaintiff moves for an order directing the Citizens Casualty Company of New York to produce for inspection at an examination before trial, a report of an employee of such company dated July 15, 1941. The report was prepared after an investigation had been made of an accident, in which an automobile driven by an assured of the company was involved. The plaintiff was a passenger in such automobile and she is now suing to recover damages for personal injuries allegedly sustained by her as a result of the accident.

The document sought to be inspected is not a statement by one who has any personal knowledge of the facts, but is merely a report of an investigation made after the accident had occurred. Such report is pure hearsay and is not relevant

to the subject matter involved in this case. Accordingly, the report may not be inspected in an examination conducted under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Colpak v. Hetterick, D.C., 40 F.Supp. 350; Gitto v. "Italia", Societa Anonima Di Navigazione, Genova, D.C., 31 F.Supp. 567; Rose Silk Mills, Inc., v. Insurance Company of North America, D. C., 29 F.Supp. 504; French v. Zalstem-Zalessky, D.C., 1 F.R.D. 508; Stern v. Exposition Greyhound, Inc., D.C., 1 F.R.D. 696; Schweinert v. Insurance Company of North America, D.C., 1 F.R.D. 247; State of Maryland, for Use of Montvila v. Pan-American Bus Lines, Inc., D.C., 1 F. R.D. 213.

█ It is evident from the papers submitted on this motion that one of the reasons why the plaintiff is desirous of inspecting the report is to obtain the names of persons who were eye witnesses to the accident. Plaintiff is entitled to obtain such information in an examination before trial. Jensen v. Buckeye Steamship Co., D.C., 2 F.R.D. 411; Stern v. Exposition Greyhound Co., Inc., supra; Maryland, for Use of Montvila v. Pan-American Bus Lines, Inc., supra; Creder v. Central R. Co., D.C., 1 F.R.D. 168.

█ The fact that the names of the witnesses may be contained in a report prepared by an employee, who was also the attorney for the insurance company, does not make such information privileged. There is no showing that the attorney also represented the defendants, and there was no attorney and client relationship between the defendants and the insurance company. The person to be examined concerning such information is the insurance company itself and not its attorney. Furthermore, under Rule 26, the information sought is not confidential but is a legitimate subject of inquiry, and such information was not obtained by the attorney from his client but from other sources. See Grauer v. Schenley Products Co., Inc., D.C., 26 F.Supp. 768; King v. Ashley, 179 N.Y. 281, 72 N.E. 106; Shafer v. Utica Mutual Insurance Co., 248 App.Div. 279, 289 N.Y.S. 577; Crosby v. Berger, 11 Paige, N.Y., 377, 42 Am. Dec. 117.

The motion in so far as it seeks an inspection of the report dated July 15, 1941, is denied, but the examination may be continued for the purpose of enabling the plaintiff to obtain from the Citizens Casualty Company the names of any witnesses to the accident which the company may have in its possession.

Settle order on notice.