## RYAN v. LEHIGH VALLEY R. CO.

District Court, S. D. New York.

March 27, 1946.

H. Lee Kanner, of New York City, for plaintiff.

Alexander & Green, of New York City (Herbert S. Ogden, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

This is an action to set aside a release alleged to have been obtained by defendant through misrepresentations to, and fraudulent concealments from, plaintiff as to defendant's liability to plaintiff for injuries sustained by him while employed by defendant as a freight handler and to recover damages for such injuries.

After issue joined plaintiff demanded answers to four interrogatories. Defendant has answered the third interrogatory but has filed objections to the other three. The interrogatories objected to are:

(1) Set forth in detail the act or acts of carelessness and negligence on the part of plaintiff which are alleged (as separate defenses) to have contributed to the accident.

(2) Set forth in detail the risk and danger in and about and connected with the situation at and about the time and place of the accident which were open, obvious, apparent and known to and assumed by plaintiff (alleged as a separate defense).

(4) State the names, business and home addresses and official titles or designations of each of defendant's officers, agents, servants, employees or representatives who have any knowledge of the accident, including the Captain, Lieutenant and Sergeant of defendant's Police Force and the doctor or doctors who examined and/or treated plaintiff.

The objections to the first two interrogatories are:

(a) That they call for the expression of an opinion of counsel as to whether certain acts of carelessness and negligence on plaintiff's part contributed to the accident and as to whether certain risks were assumed by plaintiff; and

(b) That defendant is entitled to claim and assert that the respects in which plaintiff's carelessness and negligence caused or contributed to his injuries are such, among others, as may be disclosed by plaintiff's evidence adduced upon the trial, and, therefore, it should not be required, in advance of trial, to state what were plaintiff's acts of negligence or what risks he assumed.

█ That interrogatories first and second call for expressions of opinion seems obvious. Whether plaintiff was guilty of acts of carelessness and negligence and whether the circumstances were such that he assumed the risk are questions for the jury to decide upon all the evidence. Defendant should not be foreclosed by its answers to these interrogatories now from claiming upon the trial that all acts of carelessness or negligence and all circumstances indicating assumption of risk which the evidence may disclose constituted negligence and assumption of risk. Interrogatories which call for the expression of an opinion have been disallowed. See Lanova Corp. v. National Supply Co., D.C., 29 F.Supp. 119, 120, 121 (per Gibson, J., in the Western District of Pennsylvania); Landry v. O'Hara Vessels, Inc., D.C., 29 F.Supp. 423, 424-425 (per Ford, J., in Massachusetts); Coca-Cola Co. v. Dixi-Cola Laboratories, Inc., D.C., 30 F.Supp. 275, 278 (per Chesnut, J., in Maryland); Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., D.C., 30 F.Supp. 903, 904 (per Campbell, J., in the Eastern District of New York); Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453, 455 (per Duffy, J., in the Eastern District of Wisconsin); and Byers Theatres, Inc. v. Murphy, D.C., 1 F.R.D. 286, 289 (per Barksdale, J., in the Western District of Virginia).

The objections to the last two interrogatories mentioned are sustained.

As to the fourth interrogatory, defendant stated on the argument that it did not object to giving the names and addresses of its special police officers who were present at the scene of the accident, or the names and addresses of the doctor or doctors who examined and/or treated plaintiff.

█ Defendant objects, however, to so much of this interrogatory as requires it to state the names, etc., of its officers, etc., who have any knowledge of the accident, on the ground that this requires it to make

an investigation and to furnish plaintiff with the information obtained as a result of such investigation, which information was, or will be, obtained in connection with a possible claim or defense of an action and is, therefore, privileged and confidential.

This objection is far fetched. Plaintiff does not ask for information obtained by defendant as a result of its investigation into the circumstances surrounding the accident which, ordinarily at least, it would not be required to furnish. Plaintiff asks only for the names, etc., of defendant's officers or employees, etc., who may have knowledge, not hearsay. Some inquiry will, of course, have to be made by defendant in order to ascertain the names of such persons. But this is always the case where the adversary does not know who they are. Such persons are material witnesses. Their names are not privileged, although their statements to defendant might be. Such interrogatories have been allowed in several cases. See Creden v. Central R. of New Jersey, D.C., 1 F.R.D. 168, 169 (per Moscowitz, J., in the Eastern District of New York); Whitkop v. Baldwin, D.C., 1 F.R.D. 169 (per McLellan, J., in Massachusetts); Roth v. Paramount Film Distributing Corp., D.C., 4 F.R.D. 302, 304 (per McVicar, J., in the Western District of Pennsylvania); Smith, Kline & French Laboratories v. Lannett Co. Inc., D.C., 2 F.R.D. 561, 562, and D.C., 3 F.R.D. 51, 52 (per Bard, J., in the Eastern District of Pennsylvania); In re Citizen's Casualty Co. of New York, D.C., 3 F.R.D. 171, 172 (per Conger, J., in this district); and Stern v. Exposition Greyhound, Inc., D.C., 1 F.R.D. 696 (per Moscowitz, J., in the Eastern District of New York).

The objection to this interrogatory is overruled.

Plaintiff also moves under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order directing defendant to produce and permit the inspection and copying or photographing of all signed and unsigned statements made by him to defendant or its employees. The complaint alleges that on several occasions during the two months

or more after the accident, in which he was in a hospital and in a camp maintained by defendant, an employee of defendant (admitted by defendant to be its District Claim Agent) interviewed him and induced him to sign a statement or statements and the release sought to be set aside. In an affidavit in support of his motion he avers that there were six such occasions and, directly or by inference, that he signed statements on each occasion and that he was not given a copy of any of the statements. Defendant's counsel, in his opposing affidavit, states that he is informed, and verily believes, that the Claim Agent obtained only one signed statement (an affidavit) a copy of which, together with a copy of the release, was delivered to plaintiff's attorney upon the argument of a previous similar motion by plaintiff. No affidavit of the Claim Agent has been submitted.

Defendant resists this motion for inspection on the ground that only one such statement was given and that plaintiff is not entitled to inspect it (although a copy has already been furnished to his attorney), for it was obtained in contemplation of a possible claim by plaintiff for damages and future litigation.

As there is no convincing denial that more than one statement was obtained, I must assume that there was more than one and that defendant's opposition relates to these others.

Defendant has confused statements and affidavits taken by a party's attorney in preparation for trial and reports, statements and affidavits obtained by the party before the matter goes to the attorney. The former are privileged; the latter are not; nor, a fortiori, are statements of one party obtained by the other before litigation.

In several cases the courts have directed the production by the defendant for inspection and copying of statements made by the plaintiff prior to turning the matter over to defendant's attorney. See Leach v. Greif Bros. Cooperage Corp., D.C., 2 F.R.D. 444, 445, 446 (per Mize, J., in the Southern District of Mississippi); Bough v. Lee, D.C., 28 F.Supp. 673, 675 (per Lei-

bell, J., in this district); and Price v. Levitt, D.C., 29 F.Supp. 164, 166 (per Campbell, J., in the Eastern District of New York).

None of the cases relied upon by defendant involved the production of plaintiff's own statements. They involved the production of documents obtained in preparation for trial and are inapposite here.

Assuming, as I must from the papers submitted, that plaintiff gave the Claim Agent more than one statement, a copy of which has been furnished to his attorney, plaintiff's motion for the production of these other statements (if any) must be granted.

Settle order accordingly on two days' notice.