## GAJOWSKI v. EMPIE.

### Civ. A. No. 3724.

United States District Court
N. D. New York.

Jan. 17, 1951.

Arthur J. Harvey, Albany, N. Y., for plaintiff.

. Brown & Gallagher, Albany, N. Y., for defendant (D. Gallagher, Albany, N. Y., of counsel).

FOLEY, District Judge.

The defendant moves to vacate a notice of examination, or, in the alternative, limit its general scope, and to quash a subpoena served upon an attorney for the defendant. The litigation arises from an automobile accident and the examination is directed against the insurance carrier of the defendant, Farm Bureau Mutual Automobile Insurance Co. This carrier admittedly retained the law firm of Brown & Gallagher to represent its assured and the subpoena in question was served upon Donald Gallagher, a member of such firm.

The notice of examination is general in its terms and apparently was served under the provisions of Rule 26 of the Federal Rules of. Civil Procedure, 28 U.S.C.A. The subpoena does not purport to be a subpoena duces tecum under the provisions of Rule 45(d) and further does not require the production of any specified documentary evidence. Under Rule 26(b), such notice only allows examination as to "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." As to the notice and subpoena used herein, I do not think there is present under the rules by the service of such process any compulsion upon the defendant to produce any memoranda, statements, writings or documentary evidence.

However, be that as it may, the intent of the plaintiff, as evidenced by oral argument of his attorney and the affidavits and brief filed in his behalf, is to obtain or examine statements from witnesses obtained by the agents of the carrier, or by its attorneys. The reason for the defendant moving to vacate the notice and subpoena is also apparently to avoid the production of such statements obtained from witnesses to the accident during the course of its investigation. The defendant seems to move prematurely because the examination has not commenced and, as I stated above, there is no legal compulsion to produce these statements, but it seems more practical to decide the problem to the extent possible at the present. time.

There is much discussion submitted concerning Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and its effect upon situations where a plaintiff as herein seeks discovery and examination. In my

judgment, a careful reading of this authority shows that the Court did not interpret the rules as liberally as the plaintiff contends nor as narrowly as the defendant argues. As stated, 329 U.S. on page 512, 67 S.Ct. on page 394, 91 L.Ed. 451, in the majority opinion, reason must be established to force the production of written statements, and there can be no naked, general demand for these materials as of right. We have that situation here because there is not sufficient showing now by the plaintiff for the production of these written statements in the custody of the insurance carrier or its attorney.

■■ Then again, Justice Jackson, 329 U.S. at page 518, 67 S.Ct. at page 397, 91 L.Ed. 451, in his concurring opinion says, "Having been supplied the names of the witnesses, petitioner's lawyer gives no reason why he cannot interview them himself." That will be exactly the situation here as the plaintiff obtains this information. Then continuing, 329 U.S. on page 519, 67 S.Ct. on page 397, 91 L.Ed. 451, "There might be circumstances, too, where impossibility or difficulty of access to the witness or his refusal to respond to requests for information or other facts would show that the interests of justice require that such statements be made available." This reasoning was applied in an authority cited by the defendant, Hanke v. Milwaukee Electric Ry. & Transport Co., D. C., 7 F.R.D. 540. Such position is logical and practical and applies here if the plaintiff ultimately arrives at such difficulty. I do not intend to any extent to obstruct or hamper the clear right of the plaintiff to unrestricted discovery and examination. The Federal rules are extremely liberal in this respect. There is no holding by me that these statements are in any respect privileged. See Bough v. Lee, D.C., 28 F. Supp. 673; Kulich v. Murray, D.C., 28 F. Supp. 675; In re Citizens Casualty Co. of N. Y., D.C., 3 F.R.D. 171. However, there should be some order in obtaining such material. Rosenblum v. Dingfelder, D.C., 2 F.R.D. 309. There is not sufficient showing by the plaintiff to justify the production of these statements at the present time.

■ The motion to vacate the notice of examination and quash the subpoena is denied, except that the plaintiff is restricted, without prejudice to further application, to examination only as to the names of the witnesses as obtained by the carrier or its attorney during its investigation. The plaintiff shall not be entitled to obtain at the present time copies of the statements taken from the witnesses by the insurance carrier or its attorney. There may be other facts upon which the plaintiff may seek to examine, although it seems improbable, and the carrier and its attorney may apply for a protective order under Rule 30(d) of the Federal rules if improper examination is sought.

The examination may proceed before the same attorney as referee, on January 25, 1951, at the time and place designated in the original notice of examination, unless the attorneys otherwise agree and stipulate.

An order may be submitted in accordance herewith.