CARLOS ZARAGOZA ET UX., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, F. GALLARDO DÍAZ, JUDGE, Respondent; CLÍNICA HNOS. MELÉNDEZ, INC., Intervener.

No 2117. Argued June 1, 1955.—Decided June 29, 1955.

*Luis Blanco Lugo* and *Gilberto Ramírez Velazco* for petitioners. *Charles R. Hartzell, Rafael O. Fernández, P. Juvenal Rosa, José L. Navas, Vicente M. Ydrach,* and *Jaime Pieras, Jr.* for intervener, defendant in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

This is an action for damages brought by Carlos Zaragoza and his wife against Clínica Hnos. Meléndez, Inc. in the Bayamón Part of the Superior Court. They alleged that plaintiff wife underwent a surgical operation in defend-

ant clinic in Bayamón and, as a result of the negligence of its employees, said plaintiff's right arm has been partially paralyzed ever since. After interrogatories were requested by both parties which were answered, as well as the complaint, denying the essential facts and raising certain special defenses, plaintiffs required Dr. Gustavo Bergnes, Rosa Ortiz, and Miss Villalba (*sic*), employees of defendant clinic, to appear in the offices of one of the attorneys for plaintiffs for the purpose of taking depositions, and to bring with them certain documents concerning plaintiff wife's operation. Defendant objected to the taking of such depositions and, although they were originally authorized by the lower court, later, after a hearing was held, the court denied plaintiffs' motion for the depositions. A motion for reconsideration was also denied. According to the stenographic record before us, the reasons underlying the action of the lower court are the following:

"The rules were made to simplify the proceedings; to make the cases as brief as possible; and to dispose of them as rapidly as possible. And it seems we are being led into a ridiculous situation. We are defeating the purpose for which these rules were made. We are trying to take depositions of persons who are here, by my side, in an endeavor to find some way of challenging their truthfulness on the day of the trial.[1] These people are bound to come here and testify; I must hear them and see them testifying here.

"Experience has taught me that almost all interrogatories are fishing expeditions. The fact is that we are complicating these rules in such a way that they tend to delay the proceedings. Even in the United States the very attorneys who were in favor of these rules are now backing out as to some of their provisions. They are complicating and delaying the proceedings. I have a book by an American lawyer, William Seagle,

---

[1] During the hearing held in connection with the depositions, plaintiffs stated through their attorney that "the purpose of depositions is, among others, to challenge the truthfulness of the witnesses at the trial."

precisely criticizing that situation. The judge should exercise his discretionary power to prevent lawyers from delaying the proceedings by means of the Rules.

" . . . . . . . .

"The court, within its discretionary power, denies the taking of these depositions and directs that this case be included for hearing in next July's calendar. I shall hear the case and render judgment within 24 hours."

At plaintiffs' request, we issued a writ of certiorari to review the order denying the depositions in question. Petitioners maintain that the respondent court erred in concluding (1) that the taking of depositions was not in order because the persons required to depose were in Bayamón; (2) because those persons were bound to testify before that court; (3) because interrogatories are "fishing expeditions" and some of the provisions of the Rules of Civil Procedure are complicating and delaying judicial proceedings, which the court was bound to prevent through the exercise of its discretionary power; and (4) that it was proper to prevent the taking of depositions.

▌ Rule 26(a) of the Rules of Civil Procedure for the courts of Puerto Rico provides:

"By leave of court after jurisdiction has been obtained over any defendant or over property which is the subject of the action or without such leave after an answer has been filed and served, the testimony of any person, whether a party or not, may be taken by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. . . ."

Rule 30 of those Rules also provides:

"A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. . . ."

The gist of the appeal before us is whether or not the lower court acted according to law in denying the oft-mentioned depositions on the grounds adduced. As stated by text writer Moore, Rule 26(a) "is designed to authorize depositions under the same circumstances and by the same methods, whether they are taken to obtain evidence for use at the trial or to obtain discovery. The problem of taking is the same in both cases. Every deposition for obtaining evidence for use at the trial involves discovery; . . ." 4 Moore's *Federal Practice* 1029, 2d ed., § 26.04. This text writer further says at p. 1031, § 26.05, that Rule 26 applies to all actions and that (p. 1033) it "confers the right upon a party in any action to take the deposition of any party or witness."

In *Rodríguez* v. *District Court*, 67 P.R.R. 677, 678, this Court, quoting from this text writer, said that "The purpose of permitting the parties to take depositions as a matter of right only after an answer is served is to allow the issues to be framed sufficiently to avoid unnecessary examination on issues which are not put in dispute by the answer." And in *Shell Co.* v. *District Court*, 73 P.R.R. 413, 420, we said, citing from *Hickman* v. *Taylor*, 329 U. S. 495, 91 L. Ed. 451, that:

" 'The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure . . . The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial . . . trials . . . no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial.

" '. . . . . . .

" '*We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. . .*'

"The scope of discovery is extremely broad . . . is co-extensive with the scope of discovery by deposition under Rule 26(b)." (Italics ours.)

In this connection, see also *Water Resources Authority* v. *District Court*, 66 P.R.R. 796, 801; *State of Maryland* v. *Pan-American Bus Lines, Inc.*, 1 F.R.D. 213, 215; *Spaeth* v. *Warner Bros.*, 4 F.R.S. 484, 485. At p. 2025, § 30.06, of Moore's *op. cit.*, it is said that "In view of the unlimited right of discovery given by Rule 26, *situations will seldom arise where an order that the deposition shall not be taken* would be appropriate. Such an order may not be made except for 'good cause', and a strong showing is required before a party will be denied entirely the right to take a deposition." (Italics ours.)

 When the depositions were requested, as already stated, interrogatories had been requested and answered by both parties. However, this did not preclude any of the parties from requesting depositions, in addition to such interrogatories, provided that the purpose of such depositions was not to induce the witnesses to repeat in the oral interrogatory the statements made in the written ones, or that the depositions were not intended for improper purposes, to embarrass or annoy opponent's witnesses. Be that as it may, the lower court took none of these into consideration in denying the desired depositions. Its reasons, as has been seen, was mainly that the depositions should not be authorized because the witnesses called to depose lived near the court and could come to testify personally at the trial. There is no question that the respondent court erred in acting the way it did. We have been unable to find a single case which would indicate that under Rule 26 (*a*) the mere fact that the persons whose depositions are required are available and able to appear at the trial is a ground for not authorizing the depositions prior to the trial. The discovery of evidence through interrogatories or depositions is broad, and the courts should be liberal in acting thereon. Moreover, the so-called "fishing expeditions" are permitted under the Rules of Civil Procedure. *Water Resources Authority* v. *District Court, supra; In re People* v. *United Theaters,*

*Inc.*, 76 P.R.R. 397. Consequently, the respondent court abused its discretion in denying the depositions requested by plaintiffs.

The order appealed from will be set aside and the taking of the depositions requested by plaintiffs is authorized.

Mr. Justice Negrón Fernández did not participate herein.

---

MR. JUSTICE SIFRE, dissenting.

The writ should have been quashed. Although I am in agreement with the majority that the fact "that the persons whose depositions are. requested are available and able to appear at the trial," is not a ground "for not authorizing the depositions prior to the trial"; and although "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case," *Hickman* v. *Taylor*, 329 U. S. 495, those were not the only grounds on which the lower court based the order appealed from. The court also relied on the fact that the depositions were requested *"in an endeavor to find some way of challenging their truthfulness* [that of certain witnesses] *on the day of the trial."* (Italics ours.) Under Rule 26 (*a*) and others of the Rules of Civil Procedure, depositions may be taken "for the purpose of discovery or for use as evidence in the action or for both purposes," but not merely to challenge the credibility of the witnesses when they testify at the trial. However, if the depositions are taken *for one of the purposes authorized by the rules* and the deponents in their testimony during the trial say something which contradicts the statements in the depositions, the latter may be used to challenge their truthfulness. In the *Hickman* case, *supra*, the Supreme Court of the United States explained the purposes of "the various instruments of discovery" stating that they serve (1) "as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties," and (2) "as a device

for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." It could hardly be said that the depositions in the case at bar were required for such purposes, or for any of them.

When the depositions were sought to be taken, interrogatories had been requested and answered by both parties, documents had been examined, and the lower court no doubt considered, as revealed by its order, that the prosecution of the case was being unnecessarily delayed by abusing the discovery rules for purposes not authorized thereunder.[1]

The fact that "the time-honored cry of 'fishing expedition'" cannot serve to deprive a party of the right granted under the Rules of Civil Procedure does not mean that resort may be had to those rules to "annoy, embarrass, or oppress" the opposing party. *Hickman* v. *Taylor, supra.*

---

[1] Of course, the fact that interrogatories are served and documents examined *is no bar in itself* to deny the taking of depositions.