Theodore M. Kostos, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Philadelphia, Pa., for defendant.

Anna TSANGARAKIS, individually and Anna Tsangarakis, personal representative and administratrix of the goods, chattels, credits, and Estate of Georgios Tsangarakis, Deceased

v.

**PANAMA STEAMSHIP COMPANY, Ltd., et al.**

**No. 397 of 1959.**

United States District Court E. D. Pennsylvania.

Nov. 9, 1966.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

This claim for damages arose from an alleged murderous assault and killing of seaman aboard the S.S. Nikolos off the Florida coast in November, 1957. The action is presently before the Court on defendant's objections to plaintiff's written interrogatories. Plaintiff has submitted two sets of written interrogatories pursuant to Fed.R.Civ.P. 28 and 31 for the purpose of obtaining depositions of fellow shipmates of the deceased who will be in Rotterdam, Holland and Athens, Greece on dates specified. The depositions will be taken by the American Consuls in the respective cities. The first set of interrogatories has been submitted to take the deposition of Theodoros Laganis in Rotterdam while the second is for that of Pavlos Mikromastoris in Athens.

Defendant objects to specific enumerated interrogatories in both sets. The principal contention advanced by the defendant is that this is not a normal discovery situation. The case has been ordered for trial in December, 1966. Defendant maintains that the primary purpose of the proposed depositions is to preserve testimony for use at trial,[1]

1. Such use is permitted under Fed.R.Civ.P. 26(d) (3) when the witnesses are "out of the United States" at the time of trial.

pointing to the imminent date of trial. Defendant's primary complaint is that the interrogatories to which he objects would not be proper if they were asked at trial. The defendant indicates, at great length in his brief, that many of the interrogatories are framed in a fashion that will, in all likelihood, elicit an answer based upon hearsay. Further objection is raised that some of the interrogatories are patently leading, while others request opinion testimony from an unqualified non-expert.

Defendant's objections would be well taken at trial. However, even with the impending date of trial within two months, this Court is unpersuaded that it should cut off any possible discovery utility of plaintiff's proposed interrogatories. It is quite possible that the responses to the allowed interrogatories will bring new information to light. The closeness of the date of trial does not bolster defendant's contentions.

Since plaintiff's written interrogatories must be considered in a discovery context, the objections of the defendant, where based solely upon notions of future trial inadmissibility, must be denied. The Rules, themselves, provide that any use of depositions as testimony at time of trial is permissible only "so far as admissible under the rules of evidence." Fed.R.Civ.P. 26(d). It has become the established pattern to allow a broad range of discovery examination, unfettered by notions that either the proposed questions or possible replys will not be admissible at time of trial.[2] Of course defendant is free to renew his objections at trial when issues of admissibility can be squarely faced.

Although this Court has refused to sustain objections where based solely upon trial inadmissibility, some of the objections were sustained on the ground that the proposed interrogatories were so garbled as to be undecipherable or so vague and misleading as to be beyond the bounds of relevancy suggested by Fed.R. Civ.P. 26.

## ORDER

AND NOW, to wit, this 9th day of November, A. D. 1966, it is ORDERED, in respect to the proposed written interrogatories submitted to take the deposition of Theodoros Laganis in Rotterdam, that defendant's objections to plaintiff's interrogatories numbered 15(a), 15(b), 15(d), 15(e), 19(c), 27 (a), and 27(b) are sustained, while defendant's objections to plaintiff's interrogatories 15(c), 17(c), 17(d), 20(c), 21(a), 21(b), 24(b), 25(g), 26(c), 27(c), 28(a), 28(b), and 28(c) are overruled.

It is FURTHER ORDERED, in respect to the proposed written interrogatories submitted to take the deposition of Pavlos Mikromastoris in Athens, that defendant's objections to plaintiff's interrogatories numbered 9(a), 9(b), 9(c), 9(d), 9(e), 10(a), 10(b), 10(c), 14(a), 14(b), 16(d), 16(e), 16(f), 16(g), 17 (b), 17(d), and 19(d) are sustained,

2. As one commentator indicated (4 Moore, Federal Practice, ¶26.15 (2 ed. 1953; Supp.1965)):

"The scope of a discovery examination under Rule 26(b) is much broader than an examination at the trial, particularly in view of the second sentence of 26(b) which provides that 'It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.' To the extent that an examination develops useful information it functions successfully as an instrument of discovery even if it produces no testimony directly admissible."

Accord, Report of the Advisory Committee on Rules for Civil Procedure, 5 F.R.D. 433, 454 (1946). See also, Gitto v. "Italia", Societa Anonima Di Navigazione, 31 F.Supp. 567 (E.D.N.Y. 1940).

while defendant's objections to plaintiff's interrogatories 16(a), 16(b), 16(c), 17(c), 17(e), 17(f), 17(g), 17(h), 17(i), 17(j), and 23(e) are overruled.

And it is so ordered.