### SMITH, KLINE & FRENCH LABORA-TORIES v. LANNETT CO., Inc., et al.

#### Civil Action No. 2737.

District Court, E. D. Pennsylvania.

Dec. 30, 1942.

George J. Harding, of Busser & Harding all of Philadelphia, Pa., for plaintiff.

A. D. Caesar, of Caesar & Revise, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This matter arises on defendants' objections to written interrogatories filed by the plaintiff upon the defendants. By agreement of counsel, all the interrogatories as to which there was objection, with one exception, will be re-phrased and the objections will be withdrawn. The validity of the objections to this one interrogatory remains for the determination of the court.

The complaint filed in this action charges the infringement by defendants of a patent held by plaintiff for a pharmaceutical product which it markets under the name "Amphetamine Sulfate", and further charges that defendants are guilty of unfair competition in marketing their allegedly infringing product in tablets of a size, dosage, markings and characteristics deceptively similar to plaintiff's product. It further alleges that the defendants market their product to wholesale and retail distributors of pharmaceutical products in bulk packages for distribution to the ultimate consumer through drug stores in their own packages or upon physicians' prescriptions and by physicians directly to their patients, and that because of the deceptive similarity between defendants' product and plaintiff's, such drug stores and physicians are enabled to, and in fact do, substitute defendants' product for that of plaintiff.

The interrogatory objected to by the defendants is one which requests the names and addresses of drug stores or other dispensers in the Eastern District of Pennsylvania to whom defendants have sold their allegedly infringing product within the last six months. Defendants concede that they have made sales of their product and contend that, in view of the fact that a single sale establishes an infringement of the patent if its validity is ultimately sustained, the disclosure of the names and addresses of their customers would be relevant only with respect to the question of damages and would subject their customers to possible harassment by plaintiff, which controls the distribution of many pharmaceutical products.

These arguments would have considerable force if infringement of plaintiff's patent were the sole ground of complaint. Plaintiff has alleged, however, that defendants are also guilty of unfair competition in marketing their product in a size, form and content deceptively similar to its product, with the effect and result of

enabling the dispensers thereof to substitute it for plaintiff's product in their sales to the public. Plaintiff urges that it is entitled to the names and addresses of defendants' customers in order to enable it to discover evidence in support of these allegations of substitution. This position appears to be well taken. Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which sets forth the scope of depositions upon oral examination of written interrogatories, provides that the deponent may be examined as to the "identity and location of persons having knowledge of relevant facts." In the absence of a showing of a lack of good faith on the part of his adversary, a party may not refuse, upon deposition, to reveal matters specifically within the scope of the examination permitted by the rules.

Objections overruled.