**SMITH, KLINE & FRENCH LABORATORIES v. LANNETT CO., Inc., et al.**

**No. 2737.**

District Court, E. D. Pennsylvania.

April 5, 1943.

George J. Harding, of Philadelphia, Pa., for plaintiff.

A. D. Caesar, of Caesar & Revise, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This matter was previously before me on defendants' objections to interrogatories propounded by the plaintiff. 2 F.R.D. 561. Defendants have filed a petition for reargument on the order which was entered directing them to answer one of the interrogatories in question, which sought to have defendants disclose the names and addresses of their customers within the Eastern District of Pennsylvania to whom they had sold a product manufactured by them known as "Amphetamine Sulfate" within six months prior to this suit.

The suit is for infringement of plaintiff's patent for "Amphetamine Sulfate" and for unfair competition. The unfair competition alleged is that defendants' product is so deceptively similar to that of plaintiff that retailers and their dispensers are enabled to, and did, substitute it for plaintiff's product.

Defendants have supported their petition for reargument by affidavits designed to show bad faith on the part of the plaintiff in seeking the information which would be disclosed by their answer to this interrogatory. These affidavits set forth that plaintiff has harassed defendants' customers by threatening them with litigation and otherwise. Defendants further argue that the economic power of the plaintiff in the pharmaceutical field is such that small retailers are obliged to respect its threats. Plaintiff has filed counter-affidavits designed to show that it has made no threats to anyone other than the legitimate one that it intends to enforce its patent against all direct or contributory infringers thereof. It urges that it is entitled to the discovery of the names of dispensers to whom the defendants sell their allegedly deceptively similar product, in order to discover evidence of its substitution for plaintiff's product.

While I am in no way convinced of the charges of bad faith made against plaintiff by defendants, I think that some protection will be afforded to defendants, without material injury to the rights of the plaintiff, if the defendants be required to name only the five customers in the Eastern District of Pennsylvania to whom they sold the largest quantities of "Amphetamine Sul-

fate" during the six months prior to the institution of this suit.

It is so ordered.