James D. CANNADAY, Plaintiff,

v.

CITIES SERVICE OIL CO. and Ships, Inc., Defendants.

United States District Court
S. D. New York.
July 10, 1956.

William L. Standard, New York City, Marvin E. Segal, Lester E. Fetell, New York City, of counsel, for plaintiff.

Hill, Betts & Nash, New York City, for defendant Cities Service Oil Co. Eli Ellis, Robert S. Blanc, Jr., New York City, of counsel, for defendants.

LEVET, District Judge.

This is an action by a seaman for negligence and unseaworthiness with respect to a certain vessel allegedly owned and operated by defendants. Plaintiff has addressed numerous written interrogatories to the defendants to which objections have been raised. Counsel for the respective parties have reached an agreement with respect to most of the items. The remaining matters are disposed of as follows:

Interrogatory 8, which calls for the date of each prior employment of plaintiff by defendants, is granted, but shall be limited to the period of one year prior to December 4, 1954.

Interrogatories 13(d), 24(a)–(e), 35 and 47 seek the names, addresses and ratings of witnesses to the occurrences referred to in the complaint and whether statements have been obtained from them. This information is proper and within the scope of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Therefore, defendants' objections are overruled. See Klop v. United Fruit Company, D.C.S.D.N.Y.1955, 18 F.R.D. 310; Ryan v. Lehigh Valley R. Co., D.C. S.D.N.Y.1946, 5 F.R.D. 399.

Interrogatory 20 calls for the "names, certificate of identification numbers, ratings and last known addresses of all persons claimed by the defendants to have knowledge concerning any of the facts and circumstances surrounding the plaintiff's accident, injury, disability or illness." Interrogatory 48 seeks the same information with respect to persons "claimed by the defendants to have knowledge of the equipment in the ship's pumproom, appurtenances and surrounding areas on the date referred to in the

complaint and for a period of six months prior thereto." Both interrogatories are allowed, but only to the extent that they relate to officers and members of the crew of the S.S. Archer's Hope.

Interrogatory 24(f) calls for the substance of each conversation between plaintiff and any person who is alleged to have obtained a statement from plaintiff with respect to the alleged accident. This item is improper at this time since plaintiff will be supplied with the name of said person, if any, and plaintiff may then obtain his deposition pursuant to Rule 26 of the Federal Rules of Civil Procedure. Defendants' objection is, therefore, sustained.

Interrogatory 25 calls for the production of a photostatic copy of any statements obtained by defendants from plaintiff. Defendants' objection to this item is sustained for the reason that an application for said data should be made under Rule 34 of the Federal Rules of Civil Procedure on a showing of "good cause."

Settle order on notice in conformity with the foregoing rulings.