**VOLKSWAGENWERK AKTIENGE-SELLSCHAFT, Plaintiff,**

**v.**

**James WESTBURG and Drexel Motors, Inc., Defendants,**

**and**

**Auto Associates, Inc., and Volkswagen of America, Inc.**

Civ. A. No. 35428.

United States District Court
E. D. Pennsylvania.

Oct. 21, 1966.

Owen B. Rhoads, Philadelphia, Pa., for plaintiff.

Bank & Minehart, Philadelphia, Pa., Michael C. McManus, Bala-Cynwyd, Pa., Detweiler, Sherr, Huhn & Hughes, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

FULLAM, District Judge.

The plaintiff automobile manufacturer brought this action against defendant dealer, alleging trademark infringement and unfair competition. The defendant counterclaimed for alleged antitrust violations. In the course of discovery proceedings, the plaintiff was permitted to inspect and copy records of defendant's sales of automobiles over an extended period. Defendant now seeks a protective order, asserting that counsel for plaintiff are communicating with defendant's customers in a manner calculated to destroy or seriously impair defendant's business, and its good will among its customers.

The essential facts are not in dispute. It is admitted of record that counsel for the plaintiff caused one of their employees to telephone various customers of the defendant, telling them of the pendency of this lawsuit, and asking whether they purchased their vehicles from the defendant as "new" or "used", and also inquiring as to "the nature of the customer's experience with Drexel Motors." It is further admitted of record that if the customers raised any questions about the reasons for the call, counsel's employee "was obliged to explain that Drexel Motors was not an authorized Volkswagen dealer; and that it appeared that some Drexel customers had been sold old Volkswagens when they had asked for new ones."

■ The impropriety of this course of conduct is self-evident. If plaintiff succeeds in establishing at trial that the defendant's business practices are actionable, adequate remedies will be available. But plaintiff has no right to assume in advance that it will be successful, and to proceed in advance by self-help to put the defendant out of business.

■ Plaintiff argues that its questioning of defendant's customers is merely discovery, to shed light on (a) misrepresentations by the defendant to its customers, (b) inadequacy of defendant's service department, and (c) customer confusion as to whether defendant is an "authorized dealer."

These alleged reasons are scarcely plausible. No one has suggested that the defendant is an "authorized dealer"; and it is likewise conceded that the defendant is claiming that it sells "new" cars, and represents them as such. Whether the vehicles were new or used at the time of sale is a matter which can be established without customer contact at this stage. The issue as to whether defendant has infringed plaintiff's trademarks is to be determined by the actions of the defendant—its advertising, signs, literature, etc.—and there would seem to be no preliminary need to interview customers on these subjects. Whether defendant's repair facilities are adequate is probably not an issue, so long as it is conceded that they are not factory-authorized; but in any event, the repair facilities at defendant's shop and the training and qualifications of its mechanics are readily discoverable and susceptible of proof, without stirring up the customers.

It is conceivable that, at a later stage of this litigation, plaintiff may be able to show a valid reason for being permitted some limited inquiries among defendant's customers or former customers, but on the present state of the record no need has been shown, and the prejudice to the defendant is obvious and irreparable.

**638**

## ORDER

And now, this 21st day of October, 1966, defendant's motion for a protective order is granted, and the plaintiff and counsel for the plaintiff are directed to refrain from initiating, directly or indirectly, any contact or communication with the customers or former customers of the defendant, touching upon the dealings between the defendant and its customers, or the subject matter of this litigation.