Bernard TURMENNE d/b/a Turmenne's Sewing Centers, Plaintiff,

v.

WHITE CONSOLIDATED INDUSTRIES, INC. (formerly White Sewing Machine Corporation), Evelyn Cossin d/b/a White Sewing Centres of New England, and Domestic Sewing Machine Co., Inc., Defendants.

Civ. A. No. 64–933–G.

United States District Court
D. Massachusetts.
March 31, 1967.

James Preston, Jr., Verne W. Vance, Jr., Foley, Hoag & Eliot, Boston, Mass., for plaintiff, Thompson, Hine & Flory, Cleveland, Ohio, of counsel.

James W. Noonan, Harold M. Willcox, Herrick, Smith, Donald, Farley & Ketchum, Jerome Facher, Hale & Dorr, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

GARRITY, District Judge.

This is an action by Bernard Turmenne (d/b/a Turmenne's Sewing Center) to recover damages from White Consolidated Industries, Inc. ("White"), Evelyn Cassin (d/b/a White Sewing Centres of New England) and Domestic Sewing Machine Co., Inc. ("Domestic") for alleged violations of antitrust laws, sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. The amended complaint alleges that Turmenne is engaged in the purchase and retail distribution of sewing machines in New England and that in September 1962 he entered into a dealer franchise agreement with White whereby he secured the right to purchase sewing machines manufactured by White for resale to the consuming public. The amended complaint further alleges that White, Cassin, who was White's sole distributor of White brand sewing machines, and Domestic, a wholly-owned subsidiary of White which purchases and sells Domestic brand sewing machines manufactured by White, conspired to prevent Turmenne from selling White and Domestic brand sewing machines in territories of Turmenne's choice in New England outside of Maine, New Hampshire and Vermont. The complaint alleges various acts done in furtherance of the conspiracy. Among the defenses interposed by the defendant White are that the restrictions imposed upon the plaintiff were reasonable and that the plaintiff is not entitled to equitable relief since it comes into court with unclean hands.

White has moved pursuant to Rule 34, Fed.R.Civ.P., for the production of documents, including in Paragraph 1 "all customer receipts and sales slips relating to the retail sale of sewing machines and cabinets by each of the plaintiff's stores from January 1, 1960," and in Paragraph 2 lists of "persons who registered for a chance on a free sewing machine or persons to whom plaintiff has at any time from January 1, 1960 to date hereof" mailed letters or advertising material soliciting sales or announcing that the addressee has won a sewing machine. Other documents sought by the motion have either been the subject of agreement by counsel or are no longer sought by White upon plaintiff's counsel's representation that they fall within the "work product" rule of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

In its answer White alleges that the plaintiff was engaged in illegal conduct.

at the time of the alleged conspiracy in that he engaged in a practice known as "bait and switch", in which prospective customers are encouraged to visit a store upon the representation that they have won a free sewing machine and then induced to purchase a more expensive machine. White seeks to interview persons who have been subjected to this practice and it considers the evidence it might secure relevant not only to the issue of unclean hands but also to White's defense that restrictions it may have imposed upon the plaintiff's operations were reasonable and not in violation of the antitrust laws.

Extensive pretrial discovery has taken place prior to White's motion under Rule 34. Among the items already supplied to White are the plaintiff's weekly work sheets which contain the details of all sales made by the plaintiff, including the names of its customers. The work sheets, however, do not supply the customers' addresses, and White will presumably be unable to locate the customers for purposes of interrogation. The plaintiff resists the production of its customers' names and addresses on the grounds that the defenses of unclean hands and reasonableness of restrictions are not adequate defenses to this suit; that the plaintiff's business may be damaged if White interrogates its customers; and that the scope of the motion for production imposes undue burdens upon the plaintiff.

■ Without intimating any view upon the merits of the defenses of unclean hands and reasonableness of restrictions, the court is satisfied that White should have the opportunity to develop by pretrial discovery the facts upon which its defenses may rest. Good cause is demonstrated by White's representations that this information is relevant to defenses he may put forward and that the information is not otherwise available to him. See 4 Moore's Federal Practice § 34.08. It would be a virtually impossible task for White to track down in rural New England customers or potential customers contacted by the plaintiff without their addresses.

■ The plaintiff's objection to the motion to produce on the ground of burdensomeness, however, has merit. White is seeking information which will establish a course of conduct by the plaintiff and this may be accomplished with a far smaller sampling of customers and potential customers than sought in its motion which covers a period of seven years. Since the plaintiff did not begin to sell White brand sewing machines until 1962, the court will not require production prior to that date. White does not intend to interrogate all the customers whose addresses are supplied—in fact, it is likely that it will interview but a small proportion. Therefore, the court will limit the size of the sampling from which White may select its prospective witnesses.

■ As to Paragraph 1 of the motion, it is ordered that the plaintiff produce all customer receipts and sales slips for two months, April and October, in each of the years 1962 through 1965, and as to Paragraph 2, that the plaintiff produce the names of persons to whom the plaintiff mailed letters or advertising material between January 1, 1962 and May 13, 1965 announcing that the addressee had won a sewing machine or soliciting sales for plaintiff's sewing machine business. The plaintiff is not required to furnish the names of persons who simply registered for a chance on a free sewing machine.

■ Plaintiff has expressed concern that divulging the whereabouts of his customers may damage his business by giving White the means to destroy its customer relations, citing Volkswagenwerk Aktiengesellschaft v. Westburg, 260 F.Supp. 636 (E.D.Pa., 1966). Toward eliminating that possibility, it is further ordered that the items produced pursuant to this order be revealed only to defense counsel active in this case and to persons selected by them to assist them in handling this case and may be used by them and their assistants only for purposes of this litigation.