AMERICAN INTERNATIONAL TRADING COMPANY, Plaintiff-Appellee,

v.

William T. BAGLEY et al.,
Defendants-Appellants.

No. 76–1378.

United States Court of Appeals,
Seventh Circuit.

Argued May 27, 1976.

Decided June 28, 1976.

---

Frederic T. Spindel, Associate Gen. Counsel, Commodity Futures Trading Commission, Washington, D.C., for defendants-appellants.

William M. Phelan, Chicago, Ill., for plaintiff-appellee.

Before CLARK, Associate Justice,* SPRECHER, Circuit Judge, and CAMPBELL, Senior District Judge.**

---

* Tom C. Clark, Associate Justice of the Supreme Court of the United States (Retired), is sitting by designation.

CLARK, Associate Justice.

On March 29, 1976, the Commodity Futures Trading Commission (CFTC), in accordance with Section 6b of the Commodity Exchange Act, as amended, 7 U.S.C. § 1 (Supp. IV, 1974), authorized an investigation into the business activities of American International Trading Company (Trading Company). Previously the CFTC had examined records of the Trading Company under its inspection powers; had requested and received a list of its customers and was initiating interviews of the latter pursuant to a number of complaints that the Trading Company was victimizing its customers in commodity futures transactions through fraudulent and deceptive acts and practices. On the same day of the CFTC authorization of the investigation, the Trading Company brought this action seeking an order enjoining CFTC from contacting its customers, other than those who had initially contacted the Commission, on the ground that it would destroy its business. The CFTC moved to dismiss for lack of jurisdiction and failure to exhaust administrative remedies, etc. Then on March 31, the district court issued a temporary restraining order enjoining the CFTC from interviewing the Trading Company's customers, which order was succeeded on April 16th by a preliminary injunction which prohibited the use of the customer list of Trading Company for interview purposes. However, the court found no basis for laying venue in the Northern District of Illinois and ordered the case transferred to the District of Columbia but continued the injunction in effect. The CFTC appealed, a stay was granted, and briefing was expedited. We reverse and direct that, on remand, the complaint be dismissed.

I.

■ We need not consider the claim of insufficiency of evidence nor other defects in procedure, etc., since we find the Trading Company's claim utterly frivolous. First,

** Senior District Judge William J. Campbell, of the Northern District of Illinois, is sitting by designation.

the Act itself authorizes the CFTC to "make such investigations as it may deem necessary to ascertain the facts regarding the operations of boards of trade and other persons subject to any of the provisions of this Act," Section 8. In addition, the Congress for "the purpose of securing effective enforcement of this Act, and for the purpose of any investigation or proceedings under this Act," made "the provisions, including penalties, of the Interstate Commerce Act . . . applicable to the power, jurisdiction and authority of the Commission [CFTC]." And, as if these provisions were not sufficient, the Congress in Section 6g(1) required futures commission merchants or floor brokers to make such reports as CFTC required, keep such books and records pertaining to all transactions as the CFTC directed, and keep them open to inspection by any representative of the Commission. There are a host of cases on the power of an agency to require production, most of which stem from *Oklahoma Press Pub. Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946), where the Court said that it was for the agency rather than the district courts to determine in the first instance the question of coverage in the course of a preliminary investigation into possible violations. Id., at 214, 66 S.Ct. 494. It will be soon enough on direct appeal from agency action to determine the question of power. See *Federal Trade Commission v. Feldman,* 532 F.2d 1092 (7th Cir. 1976), where this court enforced a subpoena *duces tecum* holding the defenses alleged were premature. This eliminates the problem of delays which is of the essence in agency administration. If there be a legitimate purpose to which the investigation is pertinent, if the agency does not have the information sought and the formal administrative steps provided in its creative Act have been followed, then courts should not intervene in the initial determinations; they are for the agency to decide at this stage of the inquiry. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112; *FTC v. Crafts,* 355 U.S. 9, 78 S.Ct. 33, 2 L.Ed.2d 23 (1957); *Oklahoma Press Pub. Co. v. Walling, supra; Endicott v. Johnson Corp. v. Perkins,* 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1948); 1 Davis Admr.Law § 3.12 (1958).

## II.

■ Nor do we find that CFTC was conducting its investigation in an unauthorized manner. As the Second Circuit observed in *Securities & Exchange Commission v. Brigadoon Scotch Distributing Co.,* 480 F.2d 1047, 1056 (1973), cert. den., 415 U.S. 915, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974):

> Every person doing business and every investor knows that government agencies conduct investigations for a variety of reasons, and most of them feel the duty to respond to a proper inquiry. As for those whose practices are investigated, *it is a necessary hazard of doing business to be the subject of inquiry by a government regulatory agency.* (Emphasis supplied.)

While the CFTC proposed to contact the customers of the Trading Company by telephone, we cannot say that the use of such technique was unusual or that the questions proposed were abusive or harassing.[1] Perhaps questions (3) and (4) smacked of the "When did you stop beating your wife" technique, but then fire sometimes has to be fought with fire.

Accordingly, the judgment of the district court is reversed, the injunction is vacated, and the case is remanded to the district court with instructions to dismiss.

REVERSED.

CAMPBELL, Senior District Judge (*dissenting*).

The majority sees no need to "consider the claim of insufficiency of evidence nor

---

1. 1) Who was your Account Executive?

  2) What did he promise you in the way of percentage of return?

  3) He must have made some pitch to induce you to become a client.

  4) Are you sure he did not give you a sales pitch?

  5) How much money did you put into your account?

other defects in procedure . . ." on the apparent ground that the CFTC is authorized by law to "make such investigations as it may deem necessary to ascertain the facts regarding . . . persons subject to any of the provisions of this Act". I do not disagree that the CFTC has broad investigative powers, but I cannot endorse a view of those powers which states, in essence, that any investigative technique not specifically proscribed by law is beyond the injunctive power of the federal courts.

In the instant case, the injunction was extremely narrow—it prohibited the use of the customer list which appellant had obtained in the course of inspecting the records of American International Trading Company (AITC), unless the customer contacted had first complained to the Commission of fraudulent or deceptive acts or practices by AITC. The injunction was to remain in effect only until the United States District Court for the District of Columbia, to which the case was being transferred for reasons of venue, had had an opportunity to determine whether the use of the customer lists to contact appellee's customers constituted an abuse of the admittedly broad investigative powers possessed by the Commission.

In my view the district court has jurisdiction to enjoin practices which constitute an abuse of an agency's investigative powers. It follows, it seems to me, that jurisdiction also exists under which the district court may grant preliminary injunctive relief, pending a determination of whether the investigative powers of the agency are being abused.

"[I]t is well established that the issuance of a temporary injunction rests in the sound discretion of the trial court. On appeal, an order granting or denying such an injunction will not be disturbed unless there is a clear showing of an abuse of the discretion so exercised." *Progress Development Corporation v. Mitchell,* 286 F.2d 222, 229 (7th Cir. 1961). Had the district judge refused to enter the injunction in this case, I would have considered his action a proper exercise of his broad discretion to grant or refuse to grant temporary injunctive relief. His election to enter the injunction until the District Court for the District of Columbia could consider the merits of appellee's claim was, in my view, also a proper exercise of his discretion, and accordingly I would affirm.