**COMMODITY FUTURES TRADING
COMMISSION, Plaintiff,**

v.

**ROSENTHAL & COMPANY, an Illinois
Partnership, et al., Defendants.**

No. 76 C 3904.

United States District Court,
N. D. Illinois, E. D.

April 26, 1977.

Lloyd Kadish, Commodity Futures Trad-
ing Com., Chicago, Ill., William R. Schief,
Alan H. Freedman, Jerry Markham, Divi-
sion of Enforcement, Commodity Futures
Trading Com., Washington, D. C., for plain-
tiff.

Ralph A. Mantynband, Arvey, Hodes,
Costello & Burman, William M. Phelan, Chi-
cago, Ill., O. Jan Tyler, Sands & Tyler,
Dallas, Tex., James A. Christman, Wildman,
Harrold, Allen & Dixon, Sheldon P. Migdal,
Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This cause is now before the Court on the
motion of certain defendants seeking a pro-

tective order under the provisions of Rule 26(c) of the Federal Rules of Civil Procedure.

The history of this litigation is replete with acrimonious debate between counsel concerning the scope and scheduling of discovery.

This case was filed in late October of 1976 by the Commodity Future Trading Commission (CFTC) against Rosenthal & Company (Rosenthal) and certain partners and employees of Rosenthal seeking injunctive and other relief for alleged violations of the anti-fraud provisions of the Commodity Futures Trading Commission Act, 7 U.S.C. §§ 1–22 (Supp. V, 1975). The particular violations alleged concern trading in "London options". London options are not futures contracts but are a more speculative investment in options on futures contracts for commodities traded through the London Metals Exchange or transactions on other exchanges cleared through the International Commodity Clearing House.[1]

The Court was ready to proceed with an evidentiary hearing on the request for preliminary relief in early November. However, negotiations between the parties led to the execution of preliminary relief by consent, without any admissions of wrongdoing or fraud by any of the defendants. A series of pre-trial conferences, both formal and informal, then followed. Among the issues discussed, at length, were the scheduling and scope of hundreds of depositions that the parties wished to take in prepara-

tion for the hearing on the merits of the allegations of the complaint.

To the Court's everlasting regret the procedures of the *Manual For Complex Litigation*, 1 Pt. 2 *Moore's Federal Practice*, were not employed from the outset. This case clearly falls within the definitions of "complex". 1 Pt. 2 *Moore's Federal Practice*, Part I §§ 0.10, 0.22(b)(c) and (k).

The results of the Court's failure to employ the various suggestions of the Manual have been to require the Court and the parties to expend inordinate amounts of time in ruling on essentially simple matters. The parties have burdened themselves and the Court with disputes concerning production of documents, answers to interrogatories and the scheduling and mode of taking depositions.[2]

This now brings us to the matter before the Court. The CFTC served the defendants with interrogatories requesting Rosenthal to provide a list of its customers who have purchased "London options". Rosenthal in its motion for a protective order states that it has provided such a list consisting of thousands of customers, but seeks this Court's order prohibiting CFTC from contacting these customers in any manner chosen by the CFTC. Rosenthal suggests that only a representative sampling be contacted. CFTC objects to any form of order, asserting that such an order would constitute "undue interference or restraint" on its discovery in this cause.

---

1. For an excellent discussion of this market see *British American Commodity Options Corp. et al. v. Bagley, et al.*, 552 F.2d 482 (2nd Cir. 1977).

2. The docket sheet in this cause consists of twenty (20) pages of entries. In addition there have been numerous conferences in chambers and the parties have telephonically communicated with the Court in order to attempt to obtain rulings on discovery being conducted outside the Northern District. The following are an illustrative but by no means exclusive sampling of motions relating to discovery:

10–29–76 Motion for production of documents

11–4–76 Motion to compel answers to interrogatories

11–4–76 Protective order re: further disposition of plaintiff's investigative personnel.

11–16–76 Motion re: protective order on scheduling of a deposition

12–3–76 Motion re: fees and expenses relating to depositions

12–29–76 Motion to compel answers to interrogatories, production of documents and stay taking of depositions

1–4–77 Motion to answer interrogatories in abbreviated form.

1–26–77 Motion for protective order

1–28–77 Motion to compel production of documents

2–3–77 Motion to compel production of documents

2–4–77 Motion for protective order

In support of its position the CFTC has relied on *American International Trading Co. v. Bagley*, 536 F.2d 1196 (7th Cir. 1976) and *S.E.C. v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047 (2nd Cir., 1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974). Both cases however, deal with the proper scope of investigatory procedures and the jurisdiction of the Courts to interfere with or enjoin those procedures in the absence of an actual case or controversy pending before an Article III Court. They certainly cannot be read as authorizing the type of unmonitored discovery sought here.

The defendants seek the protection of the Federal Rules of Civil Procedure to avoid serious adverse consequences to their business, prior to any resolution, by the court, of the allegations of the complaint. cf: *Smith, Kline & French Laboratories v. Bennett Co.*, 3 F.R.D. 51 (E.D.Pa.1943); *Volkswagenwerk Aktiengesellschaft v. Westburg*, 260 F.Supp. 636 (E.D.Pa.1966).

In view of the questions asked during the investigation in *American International Trading*,[3] this Court cannot confidently predict that such questions would not be asked here.

However, considering the aspects of public protection intertwined with this litigation, it is clear that the CFTC should be permitted to contact customers in a manner that would provide adequate discovery for the Commission without concurrently precipitating the economic destruction of the defendants.

Therefore, the CFTC will be allowed to contact customers through the means of a written questionnaire. The CFTC is ordered to provide the Court with a draft form of the questionnaire within five (5) days of the entry of this order. This matter will be set for status on May 5, 1977, at 9:30 a. m. for ruling on (1) the propriety of the proposed questions, (2) the number of questionnaires to be sent, (3) the manner of selection of the customers who will receive the questionnaire and (4) the scheduling and scope of further discovery.

---

**3.** 1) Who was your Account Executive?

2) What did he promise you in the way of percentage of return?

3) He must have made some pitch to induce you to become a client.

4) Are you sure he did not give you a sales pitch?

5) How much money did you put into your account?