COMMODITY FUTURES TRADING COMMISSION, Applicant–Appellee,

v.

Richard W. TOKHEIM, Respondent–Appellant.

No. 97–4120.

United States Court of Appeals, Seventh Circuit.

Argued June 2, 1998.

Decided Aug. 18, 1998.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 22, 1998.

George G. Wilder (argued), Commodity Futures Trading Commission, office of the General Counsel, Washington, DC, Joseph A. McHatton, Commodity Futures Trading

Commission, Chicago, IL, for Plaintiff–Appellee.

William S. Scott (argued), Hollywood, FL, for Defendant–Appellant.

Before FLAUM, MANION, and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

This is an appeal by Richard W. Tokheim of an order granting enforcement of an administrative subpoena issued by the Commodity Futures Trading Commission (CFTC or "the Commission"). For the reasons stated herein, we affirm the district court's order.

## I.

The CFTC, which is charged with implementing the Commodity Exchange Act ("the Act"), 7 U.S.C. §§ 1–25—the basic purpose of which is the comprehensive regulation of the "volatile and esoteric futures trading complex," *CFTC v. Schor*, 478 U.S. 833, 836, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986) (quotation omitted)—is granted broad powers under the Act to investigate compliance with the Act's provisions. *See, e.g., American Int'l Trading Co. v. Bagley*, 536 F.2d 1196, 1197–98 (7th Cir.1976) (Clark, J.). On August 29, 1996, pursuant to 7 U.S.C. § 15, the Commission entered an order of investigation entitled "In the Matter of Richard W. Tokheim." The order empowered certain CFTC officials to investigate whether Tokheim or entities associated with him (including his business, the Investment Research Company ("IRC")) had violated provisions of the Act and CFTC regulations. According to the order, the investigation would focus on, *inter alia*, whether Tokheim had violated 7 U.S.C. § 6m(1), which requires individuals who pro-

vide advice regarding commodities to register with the CFTC as commodity trading advisors (CTA),[1] and 7 U.S.C. §§ 6b & 6o(1), both of which prohibit fraudulent conduct in connection with the commodity futures markets.

According to the Commission, Tokheim, through his business, has held himself out to the public as a commodity broker for a number of years. Tokheim, who resides in Omaha, Nebraska, publishes a "report" analyzing the past price performance of various commodities. He has advertised his various commodity trading systems to the public through direct-mail solicitations, in a futures industry trade publication, in the Omaha telephone book "yellow pages," and on the internet, and he offers personal contact to his customers, who are invited by Tokheim's materials to "please call Rich" if they have any questions. The Commission believes that Tokheim's activities merit an investigation into whether he is operating as an unregistered CTA, in violation of 7 U.S.C. § 6m(1). In addition, the Commission asserts that, based upon complaints from some of Tokheim's customers, it has reason to believe that Tokheim has advertised fraudulently and provided his customers with fraudulent advice, in violation of 7 U.S.C. §§ 6b & 6o(1).

As part of its investigation into Tokheim's activities, officers in the Commission's Chicago Regional Office issued a subpoena to Tokheim on January 8, 1997, ordering him to appear at the United States Attorney's Office in Omaha on February 19, 1997. The subpoena sought Tokheim's testimony, and it also sought documents relating to his business, including IRC's client lists, advertisements, risk disclosure statements, and any statements for commodity accounts owned

---

1. The Act defines the term "commodity trading advisor" as any person who
    (i) for compensation or profit, engages in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in—
        (I) any contract of sale of a commodity for future delivery made or to be made on or subject to the rules of a contract market;
        (II) any commodity option authorized under section 6c of this title; or
        (III) any leverage transaction authorized under section 23 of this title; or
    (ii) for compensation or profit, and as part of a regular business, issues or promulgates analyses or reports concerning any of the activities referred to in clause (i).
7 U.S.C. § 1a(5)(A). The Act excludes from this definition, *inter alia*, a publisher or producer of print or electronic data, but only if their commodity-related services are furnished "solely incidental to the conduct of their business or profession." *Id.* § 1a(5)(B) & (C).

either by Tokheim or IRC. Tokheim sent a letter to CFTC officials on February 12, 1997, informing them that he would not comply with the subpoena because he was not under the CFTC's jurisdiction, and he did not appear at the Office of the United States Attorney on February 19. Subsequent repeated efforts by Commission investigators and attorneys to secure Tokheim's compliance with the subpoena proved unavailing.

On August 29, 1997, the Commission therefore filed its subpoena enforcement action in the district court, pursuant to 7 U.S.C. § 15. The magistrate judge to whom the proceedings were referred issued an order requiring Tokheim to appear before the court and to show cause why the subpoena issued by the Commission should not be enforced. The magistrate judge ultimately set October 23, 1997, as the date for the hearing; however, neither Tokheim nor his lead counsel appeared at the hearing. Although local counsel represented Tokheim at the hearing, he had no familiarity with the facts of the case. Accordingly, the magistrate judge, upon reviewing the documents submitted by the CFTC, in conjunction with Tokheim's failure to explain why the subpoena should not be enforced, ordered Tokheim to testify and produce the requested documents on November 13, 1997. The district court judge subsequently adopted this order.

Tokheim appeared at the Omaha Office of the United States Attorney on November 13, and he answered questions from CFTC investigators regarding his activities in the commodity futures industry. While he did

provide the CFTC with some documents related to his business, he refused to relinquish a list of his subscribers, of which Tokheim claims there are approximately 45, as well as the materials that he sends to his subscribers.[2] The Commission believes that the withheld materials would help it to determine whether Tokheim has violated the Act. It would like to use Tokheim's subscriber list to telephone the subscribers and determine whether the possible violations can be substantiated. Though the Commission filed a motion to hold Tokheim in contempt for failing to comply with the district court's enforcement order, see 7 U.S.C. § 15, the motion was deferred by the Commission pending the resolution of this appeal.

## II.

On appeal Tokheim raises two principal arguments, neither of which has any merit. First, he argues that the Commission lacks authority to enforce its investigatory subpoena against him because his activities fall under an exclusion from the Act's coverage. His second argument is that the Commission lacked probable cause to enforce the subpoena.[3] We consider these arguments in turn.

Tokheim argues that he provides only "impersonal" trading advice to his subscribers, much as a newspaper would, and that he is not required to register as a CTA. He contends that he is exempt from the Act's coverage because he does not furnish commodity trading advice as defined by the Act.[4]

2. Tokheim contends that his business would be irreparably damaged if the Commission were to contact his subscribers.

3. During rebuttal at oral argument, Tokheim also raised the contention that the Act's definition of a CTA, as interpreted by the CFTC, is facially unconstitutional. We recently have held as ripe for adjudication a facial challenge to the Act's registration requirement for CTAs. See Commodity Trend Serv., Inc. v. CFTC, 149 F.3d 679, 683–88 (7th Cir.1998). However, we need not consider whether Tokheim's facial challenge is similarly ripe for adjudication, as it is manifest that he has waived the claim. First, Tokheim failed to enter more than a perfunctory appearance by local counsel in the district court at the October 23 hearing, and he did not argue to that court that

the statute is facially unconstitutional. Moreover, he presented the argument in only cursory fashion in his brief to this Court, and he did not raise the issue at oral argument until rebuttal. "We repeatedly have made clear that perfunctory and undeveloped arguments ... are waived (even where those arguments raise constitutional issues)." United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991).

4. To the extent that the Commission is seeking Tokheim's customer lists and other documents for the purpose of proving fraudulent conduct, we also interpret Tokheim to be arguing that this component of the Commission's investigation will fail to establish that he has acted fraudulently in a manner that would enable the Commission to regulate his activities under the Act.

*See* 7 U.S.C. §§ 1a(5)(B) & 6m(1); *see also supra* note 1. Tokheim argues that the CFTC must demonstrate to the court that it has jurisdiction over him before it can enforce the subpoena against him.

The basic failing of this argument is that it conflates the issue of whether the Commission may investigate to determine whether conduct falls within its jurisdiction with the ultimate issue of whether conduct does in fact fall within its jurisdiction. While Tokheim's argument goes to the latter issue, the issue presently before us is only the scope of the Commission's investigatory powers. If, as Tokheim argues, the Commission first had to make a valid finding of coverage before it could enforce an investigatory subpoena, it would be unable to fulfill its investigatory responsibilities under the Act. The traditional understanding of an agency's investigatory powers is precisely to the contrary. *See, e.g., United States v. Morton Salt Co.,* 338 U.S. 632, 642–43, 70 S.Ct. 357, 94 L.Ed. 401 (1950) (recognizing that, like a grand jury, an agency is empowered to "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not"); *American Int'l Trading Co. v. Bagley,* 536 F.2d 1196, 1198 (7th Cir.1976) (Clark, J.) (holding that it is the role of the CFTC, and not the courts, "to determine in the first instance the question of coverage in the course of a preliminary investigation into possible violations"). Tokheim's contention that he is exempt from the Act may prove to be true following the Commission's investigation. This possibility, however, does not necessitate that the Commission establish that Tokheim is covered by the Act even before it begins its investigation.

■ Tokheim also argues that the Commission failed to establish probable cause to enforce its subpoena, particularly with respect to his customer lists and proprietary documents. This argument overlooks the fact that this threshold never has been required by the federal courts with respect to administrative subpoenas. *See, e.g., United States v. Powell,* 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Morton Salt Co.,* 338 U.S. at 642–43, 70 S.Ct. 357. Rather, we require agencies to satisfy a lower threshold requirement, which is the inquiry to which we now turn.

In *Powell,* the Supreme Court discussed the threshold showing required of an agency in order to obtain judicial enforcement of an administrative subpoena. *See* 379 U.S. at 57–58, 85 S.Ct. 248. The Commission must establish that (1) its investigation is being conducted pursuant to a legitimate purpose, (2) the specific inquiry may be relevant to that purpose, (3) the information sought is not already in the Commission's possession, and (4) the proper administrative procedures required by the applicable statutes and regulations have been followed. *See id.* We have stated the standard somewhat differently. *See, e.g., EEOC v. Quad/Graphics, Inc.,* 63 F.3d 642, 644–45 (7th Cir.1995) ("As a general proposition, courts enforce an administrative subpoena if it seeks reasonably relevant information, is not too indefinite, and relates to an investigation within the agency's authority."); *see also In re Sealed Case (Administrative Subpoena),* 42 F.3d 1412, 1415 (Fed.Cir.1994) (applying the same standard). In any event, both articulations of the standard have the same effect in operation, particularly in light of the fact that we have also emphasized that the court must be satisfied that the demand for information has not "been made for an illegitimate purpose," and that an "excessively burdensome" demand, compliance with which would threaten the normal operation of a respondent's business, will not be enforced. *See Quad/Graphics, Inc.,* 63 F.3d at 645.

■ In the instant case, the district court did not evaluate the propriety of enforcing the subpoena against Tokheim according to the analyses set out in either *Powell* or *Quad/Graphics.* We recognize that this was largely due to the fact that Tokheim did not adequately appear in the district court at the hearing scheduled to contest the subpoena's validity, rendering the district court's order akin to a default judgment. Nonetheless, it would have been helpful if the district court had referenced the materials entered into the record by the Commission and proffered some analysis in this regard. In any event, in light of the long delay in enforcing the subpoena that has already resulted from

Tokheim's contumacy, as well as the clear support for the subpoena that is contained in the record, we shall proceed to consider the propriety of enforcing the subpoena, rather than order a remand that would lead to an even longer delay.

The Commission concedes that its power to investigate is not unfettered and that its subpoenas may only be issued in good faith and to serve legitimate purposes. *Cf. Quad/Graphics,* 63 F.3d at 644–45. Applying *Powell's* inquiry to the facts of this case, *see* 379 U.S. at 57–58, 85 S.Ct. 248, we agree with the Commission that this is not an instance of impermissible overreaching. First, the purpose of the investigation is legitimate, as 7 U.S.C. § 12(a) authorizes the Commission to investigate potential violations of the Act. In response to evidence that Tokheim may be violating certain provisions of the Act, including documents and solicitations that the Commission has placed in the record, the Commission seeks information from Tokheim in order to determine whether he has indeed violated registration and fraud provisions of the Act, *id.* §§ 6m(1), 6b & 6o(1), and the requested documents and materials are manifestly relevant to this inquiry. Third, there is no dispute that the Commission does not already possess the requested information, including Tokheim's customer lists. Finally, Tokheim has pointed to no procedural irregularities in connection with the Commission's investigation. The Commission issued both its order of investigation and its subpoena as authorized under 7 U.S.C § 15, and it filed the instant enforcement proceedings when Tokheim refused to comply with the subpoena. Moreover, Tokheim has not demonstrated that the Commission is engaged in a wide-ranging fishing expedition supported by indefinite investigatory demands. *Cf. Quad/Graphics, Inc.,* 63 F.3d at 645. Rather, the Commission has requested specific information from Tokheim after receiving evidence indicating that Tokheim may be violating certain provisions of the Act. Under these circumstances, we hold that the district court appropriately enforced the Commission's subpoena.

### III.

Tokheim also argues that the CFTC is conducting its investigation in bad faith and that his business will be destroyed if he turns over his customer lists and proprietary documents to the Commission. *Quad/Graphics* indicates that the courts will consider such arguments in determining whether to enforce an administrative subpoena. *See* 63 F.3d at 644–45. In the instant case, however, Tokheim makes these allegations without any factual support in the record. Tokheim had an opportunity to establish factual support for his claims, but he forfeited it when he failed adequately to appear at the district court's hearing on October 23. Accordingly, we reject Tokheim's remaining arguments because they are unsupported by the record.

For the foregoing reasons, we affirm the district court's order enforcing the subpoena of the CFTC.