**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: GEORGE ARMANDO CASTRO,
formerly doing business as Boxing To
The Bone, formerly doing business as
Castro By Design Real Estate & Inv.,
also known as George Castro Soria, and
MARIA CONCEPCION CASTRO, also
known as Maria C. Cabral,

      Debtors.

------------------------------

GEORGE ARMANDO CASTRO;
MARIA CONCEPCION CASTRO;
SHERRON L. LEWIS, JR.,

      Appellants,

v.

KONDAUR CAPITAL
CORPORATION,

      Appellee.

No. 12-1087
(No. 11-040-CO)
(BAP)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

George Armando Castro, his wife, Maria Concepcion Castro, and Sherron L. Lewis appeal pro se from a Bankruptcy Appellate Panel (BAP) decision that affirmed the bankruptcy court's order granting Kondaur Capital Corporation relief from the Castros' Chapter 7 automatic stay.  We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

## BACKGROUND

Based on the limited record before us, we have ascertained the following. Mr. Castro and his brother Luis co-own a parcel of real property in Arvada, Colorado.  Kondaur holds the deed of trust that secures a construction loan given to Luis for the property.

In 2010 and early 2011, Colorado state courts entered orders (1) stating that Mr. Lewis had "defraud[ed] consumers and lenders through deceptive, misleading, and unlawful conduct," Aplee.'s Supp. App. at 83; (2) requiring Mr. Lewis to "convey any and all interest in the [s]ubject [p]roperty" to Mr. Castro and his brother, *id.* at 66; (3) declaring that insofar as Mr. Lewis "claims any interest in the subject property, it is decreed to be subordinate to the interest of Kondaur," *id.*; (4) reforming the deed of trust to correct the property's address and lack of a signature by Mr. Castro; (5) requiring Mr. Lewis to "[r]estore to Luis E. Castro the sum of $24,000.00," *id.* at 85 (emphasis omitted); and (6) permanently enjoining Mr. Lewis

from the unauthorized practice of law and "offering foreclosure or mortgage

assistance," *id.* at 90.

In February 2011, Kondaur began foreclosure proceedings on the property, as

no loan payments had ever been made. In June, one week before the scheduled

foreclosure sale, Mr. and Mrs. Castro filed a Chapter 7 bankruptcy petition.

In response, Kondaur moved for relief from the automatic stay under

11 U.S.C. § 362(d) in order to proceed with the foreclosure,[1] stating that the amount

due on the loan was $1,150,892, far in excess of the property's $639,000 value.

Mr. Lewis and Mr. and Mrs. Castro filed "virtually identical" pro se responses.

Aplee.'s Supp. App. at 99. But the Castros failed to appear at the hearing to argue

their response. And although Mr. Lewis appeared at the hearing, he behaved

"abrasive[ly] and argumentative[ly]" before "storm[ing] out of the courtroom." *Id.*

The bankruptcy court granted Kondaur's motion, explaining that (1) Mr. Lewis

lacked standing to oppose the motion; (2) Kondaur had demonstrated "sufficient

---

[1]    As relevant to this case, § 362(d) provides:

On request of a party in interest and after notice and a hearing, the court
shall grant relief from the stay provided under [§ 362(a)], such as by
terminating, annulling, modifying, or conditioning such stay--
(1) for cause, including the lack of adequate protection of an interest in
property of such party in interest; [or]
(2) with respect to a stay of an act against property under [§ 362(a)], if--
    (A) the debtor does not have an equity in such property; and
    (B) such property is not necessary to an effective
    reorganization[.]

11 U.S.C. § 362(d).

cause" for relief from the stay; (3) Mr. and Mrs. Castro "lack[ed] equity in the real property"; and (4) "the real property [was] not necessary for an effective reorganization." *Id.* at 95. The BAP affirmed.

Mr. Lewis and Mr. and Mrs. Castro now appeal to this court.

## DISCUSSION

"Although this is an appeal from a BAP decision, we independently review the decision of the bankruptcy court, reviewing the court's factual findings for clear error and its legal conclusions de novo." *Redmond v. Lentz & Clark, P.A. (In re Wagers)*, 514 F.3d 1021, 1022 (10th Cir. 2007) (per curiam). But "[t]he decision as to whether to lift the [automatic] stay is committed to the discretion of the judge presiding over the bankruptcy proceedings, and we review such decision under the abuse of discretion standard." *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987). Because Mr. Lewis and Mr. and Mrs. Castro are proceeding pro se, we construe their arguments liberally, but we "do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted).

The first issue presented in Mr. Lewis's and the Castros' combined opening brief is Mr. Lewis's standing to oppose Kondaur's motion for stay relief. We presume this issue is raised by Mr. Lewis, as he is the only Appellant arguably injured and aggrieved by the bankruptcy court's ruling concerning his standing. *See C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257, 1260 & n.5

(10th Cir. 2011) (noting the Article III and prudential standing limitations on bankruptcy appeals).

We conclude that the bankruptcy court correctly determined that Mr. Lewis lacked standing. The proper party to oppose a request for relief from the stay is "generally the trustee or the debtor in possession." 2 Norton Bankruptcy Law & Practice § 43:54 (3d ed. 2011). Mr. Lewis is neither. Congress's intent to circumscribe the number of contestants to a § 362(d) request flows from its understanding that "the only issue [presented] will be the claim of the creditor and the lack of adequate protection [of a property interest] or existence of other cause for relief from the stay." 3 Collier on Bankruptcy, ¶ 362.08[6] at n.14 (16th ed. 2011).

Thus, Mr. Lewis could not use Kondaur's motion as a vehicle to relitigate his (unspecified) claim to the Castros' real property. Indeed, that claim is a state-court matter which, as far as we can tell from the record on appeal, has already been resolved in favor of Kondaur, as the senior lien holder, and Mr. Castro and his brother, as the property's owners. In short, Mr. Lewis lacked a cognizable interest in opposing Kondaur's request for relief from the automatic stay. *See, e.g.*, *In re New Era, Inc.*, 135 F.3d 1206, 1210 (7th Cir. 1998) (concluding that insurance company lacked standing to contest the lifting of a stay in the insured's Chapter 7 bankruptcy proceeding); *United Mut. Sav. Bank v. Doud (In re Doud)*, 30 B.R. 731, 732, 733 (Bankr. W.D. Wash. 1983) (concluding that junior mortgagee lacked standing to

contest the lifting of a Chapter 7 stay that allowed the senior mortgagee to foreclose on the debtor's real property).

Next, Appellants argue that Kondaur is not a creditor, and therefore, cannot seek relief from the stay. Again, the opening brief does not identify which of the Appellants are advancing this argument. But since Mr. Lewis would lack appellate standing to assert this argument, *see In re C.W. Mining Co.*, 636 F.3d at 1260 & n.5, we view it, and the opening brief's remaining arguments, as being advanced only by Mr. and Mrs. Castro.

In support of their creditor-standing argument, the Castros rely on evidence attached to their bankruptcy-court opposition to stay relief. That evidence, a January 2009 "Notice of Election and Demand for Sale by Public Trustee," lists "National City Bank" as the "[o]wner of the [e]vidence of [d]ebt." *In re Castro*, No. 11-24287-SBB, Doc. # 11, Ex. B (Bankr. D. Colo.). But the Castros did not appear at the stay-relief hearing to argue the document's probative value. Consequently, at the very least, they have forfeited the argument. *See Commodity Futures Trading Comm'n v. Tokheim*, 153 F.3d 474, 478 (7th Cir. 1998) (concluding that subpoena opponent forfeited his "opportunity to establish factual support for his claims" by "fail[ing] adequately to appear at the district court's hearing"). And the Castros do not argue for plain-error review—a circumstance that "surely marks the end of the road for [such] an argument." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011). But given the unique circumstances of this case,

including Mr. Lewis's involvement with the Castros and the presence of a state-court order enjoining Mr. Lewis from providing legal advice or foreclosure assistance, we reject the Castros' argument on the merits as well.

Specifically, National City Bank assigned the mortgage and promissory note to Kondaur, Aplee.'s Supp. App. at 69, and a Colorado state court subsequently declared that (1) Kondaur "[w]as [the] successor in interest to [National City Bank]," *id.* at 67; and (2) Mr. Castro was a signatory on the deed of trust. Thus, as a creditor in the Castros' bankruptcy proceeding, Kondaur was a "party in interest" under § 362(d) with standing to seek relief from the automatic stay. *See Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012) ("[I]n order to invoke the [bankruptcy] court's power to award relief under § 362(d), a party must be either a creditor or a debtor of the bankruptcy estate.").

The Castros take issue with the assignment, however, arguing under a judicial-estoppel theory that Kondaur cannot benefit from the assignment because the assignment preceded the Notice of Election. More precisely, they contend that Kondaur's attorney has taken conflicting positions regarding ownership of the mortgage and note. They point out that after National City Bank executed the assignment in November 2008, the bank's attorney, who is also Kondaur's current attorney, recorded the Notice of Election, which lists the bank as the owner of the note and mortgage.

The Castros did not raise judicial estoppel in the bankruptcy court; rather, they asserted that the "conflicting documents" indicated "fraud." *In re Castro*, No. 11-24287-SBB, Doc. # 11 at 3 (Bankr. D. Colo.). But even then, they failed to appear at the hearing to pursue any theory concerning the discrepancy as to the owner of the mortgage and note. And they have not argued on appeal the presence of plain error. *See Richison*, 634 F.3d at 1130–31.

Nevertheless, we quickly dispatch the Castros' concern over the discrepancy. Kondaur appeared before the bankruptcy court to argue its motion and the supporting evidence, which included both the assignment and the state court's decree that Kondaur was the bank's successor in interest. Thus, Kondaur satisfied the low threshold showing that it possessed "a colorable claim of a lien on property of the estate." *Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 227 (3d Cir. 2008) (quotations omitted); *see also United States v. Fleet Bank of Mass. (In re Calore Express Co., Inc.)*, 288 F.3d 22, 35 (1st Cir. 2002) (observing that "the question for the bankruptcy court at . . . a [§ 362(d)] hearing is generally whether the creditor's claim to the estate's property is colorable, not whether the creditor can ultimately recover in light of all relevant legal issues").

## CONCLUSION

The judgment of the BAP is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge